## LIVERMORE *versus* CLARIDGE & al.

A partial payment, made by a party, who was indebted *severally* and also *jointly with another*, to the same creditor, for items of book charges, is to be applied upon the *several* debt, unless a different appropriation is proved to have been intended at the time of the payment.

In such a case, though the creditor have credited the money to the joint account, he is not thereby precluded to transfer it to the several debt, by proving that, as to a part of the items, he was, by the unauthorized pretensions of the party, paying the money, deceptively led to charge the *joint* instead of the *several* account.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

SHEPLEY, C. J., orally. — The plaintiff, being a trader, supplied certain goods, and charged them to the defendants, Sprague & Claridge. These goods are the subject of this controversy. Sprague was defaulted, thus admitting a joint liability. Claridge defends, and denies such liability.

The verdict was for the plaintiff.

Some of the articles were delivered upon orders, drawn by Sprague in the name of Sprague & Claridge. There was evidence tending to show that these articles were purchased by Sprague for his separate use. Certain sums of money had been received from Sprague, which the plaintiff credited on the joint account.

A question arose at the trial whether, if those articles ought to have been charged to Sprague alone, the moneys received from him should be appropriated by the jury to pay for those articles, or should be allowed wholly upon the *joint account*.

The Judge instructed the jury that, if Sprague was alone liable upon the orders, and if there was a joint liability for other articles, the money received of Sprague, unless the evidence proved a different intention, should be appropriated first to payment of the orders, and the residue, if any, to the joint account.

To this instruction the defendant excepted, and he has argued that money paid by a partner, and taken from the partnership funds, should go to pay the partnership debt.

The instruction given was not at variance from that legal proposition.

When a payment is made by one, who is under a *several* and also under a *joint* liability to the same party, and the money is not shown to have been derived from the fund from which the joint liability was to be met, the law applies it to discharge the *several* liability, as being the appropriation most favorable to the creditor. In this case, there was no proof from what source Sprague obtained the money. And, it was rightfully left to the jury, if they should find a several liability against him, to apply the money to that liability, unless shown by the evidence that a different appropriation was intended.

The defendant also contended that the crediting the money by the plaintiff to the joint account, proved an appropriation, which he is now estopped to deny or to alter.

The entry of that credit upon the plaintiff's book was made under a belief that Sprague had authority to draw the orders for the joint benefit of both the defendants. But the jury have found that Sprague had no such authority. The plaintiff then, in giving the credit, acted under a mistake of the facts upon which his rights depended.

In entertaining that mistake he was in no fault. It was created wholly by the wrongful act of Sprague, in assuming an authority which he did not possess. It cannot be that merely by such an entry, *so occasioned,* upon the plaintiff's book, the jury should be precluded from making an appropriation of the money, according to the plaintiff's just rights.

*Exceptions overruled.*

*B. Bradbury,* for the defendant Claridge.

*D. T. Granger,* for the plaintiff.