FLETCHER W. CAMP, as Administrator, etc., Appellant, *v.*
JAMES W. SMITH et al., Respondents.

Where payments are made generally to a party who holds several obligations against the payer, which are not applied by either party, the court will make such application thereof as equity and justice require.

Conceding that payments made by a party who is indebted severally and also jointly with another, to the same creditor, without directions as to its application, may be applied by the latter either upon the joint or the individual indebtedness (as to which, *quære*), where neither party makes the application, the court will apply it upon the individual debt.

It is no objection to an answer setting up the Statute of Limitations, in an action upon a promissory note, that it alleges that eight years instead of six have elapsed since the cause of action accrued.

In an action upon four promissory notes alleged to have been made by defendants as copartners the answer set up the Statute of Limitations; said notes were more than six years past due at the time of the commencement of the action. It appeared that one of the defendants, who was also individually indebted to the payee of the notes, had made certain payments without any direction or agreement as to their application, which if applied upon the notes in suit would have taken them out of the operation of the statute. The court was asked to direct such application, which it declined to do. *Held*, no error.

In two actions previously brought by plaintiff as administrator of the payee of the notes in suit, upon the individual claims against the partner who made the payments in question, said defendant set up the payments, plaintiff denied them, and defendant's testimony to prove them was excluded on plaintiff's objection that it involved a personal transaction with the deceased. Judgments upon these individual claims were paid by defendant. *Held*, that the fact that by the exclusion said defendant was deprived of the benefit of the payments to reduce his individual indebtedness, did not require their application upon the joint indebtedness; that even if the setting up of the payments in the former actions was to be taken as an admission on said defendant's part that the payments were made, the whole admission must be taken, and that was that the payments were made upon the individual, not the joint indebtedness.

Also *held,* that the adjudication in the former actions were either that the payments were not made, or that defendant failed to prove them; in the former event, both parties would be bound by the decision; in the latter defendant was unjustly deprived of the benefit of the payments, and plaintiff having denied the payments when their admission would have benefited the payee, would not be permitted thereafter to assert them to his damage.

*Van Rensselaer's Exrs.* v. *Roberts* (5 Denio, 470), questioned.

(Argued October 20, 1892; decided December 6, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made at the March term, 1892, which affirmed a judgment in favor of defendants entered upon a verdict directed by the court, and also an order denying a motion for a new trial.

This action was brought to recover the amount of four promissory notes made by the defendants and payable to Mary Etta Camp, plaintiff's intestate.

The notes were all payable in one year after their respective dates. They were respectively dated December 9, 1875, June 5, 1877, July 28, 1877, and March 18, 1878. Mrs. Camp died November 25, 1884, and this action was commenced January 30, 1890. The plaintiff, in his complaint, alleges four separate causes of action, one upon each note. In his first cause of action, after alleging the death of Mrs. Camp, administration upon her estate, the copartnership of the defendants and the execution and delivery of the note, the plaintiff further alleges as follows:

" In 1880 and in each year after said note became due, until the death of said Mary Etta Camp, the defendant James W. Smith made various payments to said Mary Etta Camp.

"At the time of making said payment and at the time of the death of said Mary Etta Camp, said defendant James W. Smith was also indebted to said Mary Etta Camp upon each of the other causes of action set forth in this complaint from the time the same became due respectively as therein stated, and was also indebted to said Mary Etta Camp, upon the cause of action upon a bond and mortgage, dated June 20, 1866, executed by said James W. Smith and held and owned by said

Mary Etta Camp, made to secure the principal sum of $35,000 and interest ; and was also indebted to said Mary Etta Camp upon two promissory notes of said James W. Smith made payable to the order of said Mary Etta Camp and delivered to her for value received at or about the dates and for the sums following, to wit :

| December 9, 1875 | $2,887 89 |
|---|---|
| June 5, 1877 | 3,400 00 |

both of which notes were paid by individual payments made by defendant James W. Smith to Mary Etta Camp between December 14, 1875, and September 7, 1884.

"No application of the payments hereinafter enumerated was made by said James W. Smith nor by said Mary Etta Camp upon any one of the aforesaid causes of action other than those sued on in this action. None of said payments hereinafter enumerated made since the causes of action herein sued upon accrued have been indorsed upon said bond and mortgage, although payments made before the making of the notes sued · upon in this action were indorsed on said bond and mortgage. An action is now pending undetermined in this court by this plaintiff as administrator with a will annexed as above described against the defendant James W. Smith to recover the amount due on said bond and mortgage.

"That among the payments made by said defendant James W. Smith, to said Mary Etta Camp, were payments made on or about the dates and of the amounts following, viz. :

| December 2, 1880 | $25 |
|---|---|
| December 23, 1880 | 15 |
| January, 1884 | 35 |
| March 29, 1884 | 10 |
| April 10, 1884 | 85 |
| April 16, 1884 | 10 |
| April 21, 1884 | 10 |
| May 12, 1884 | 10 |
| May 19, 1884 | 15 |
| Total | $215 |

" That since the death of Mary Etta Camp, the defendant James W. Smith paid to James W. Camp as executor . of his will, $30 on October, 1885, which sum was applied by said James W. Camp or such executor upon the note sued upon in and set forth in the statement of this cause of action."

In the other three causes of action the plaintiff makes the same allegations except that he sets forth in each court a different note and a different sum paid by James W. Smith after the death of Mrs. Camp to her executors, and applied by him upon the note. And the prayer for relief is as follows : " Wherefore plaintiff demands judgment against the defendants declaring and determining that the payments of December 2, 1880, December 23, 1880, January, 1884, and March 29, 1884, be applied on the note sued upon in the first cause of action, and that some of the remaining payments hereinbefore alleged made in April and May, 1884, be applied upon each of the several other causes of action upon which this action is brought, set forth in the statements of the second, third and fourth causes of action, and that the plaintiff recover from the defendants $7,368.36, with interest at six per cent per annum on $1,183.36 thereof, from December 9, 1875, and on $1,185 thereof, from June 5, 1887, and on $4,000 thereof, from July 28, 1877, and on $1,000 thereof, from March 18, 1878, less the payments aforesaid, to be applied as aforesaid, and less any other payments which the court may direct to be applied on account of said notes respectively, and for the costs of this action, and such other and further relief as may be just."

The defendants answered separately. William F. Smith admitted the making of the notes as alleged, but denied the payments alleged in the complaint — denied that any payments were made to Mrs. Camp by the firm composed of the defendants, or by his or its authority, or with its funds, and he alleged that whatever payments were made by James W. Smith were made on his individual account and with his individual money and for a further defense he alleged that " Eight years have elapsed since the accruing of the right of

action upon the said several four promissory notes set forth in the complaint, and that this defendant pleads the Statute of Limitations as a defense thereto."

James W. Smith in his answer admitted the copartnership of the defendants, and the making of the notes as alleged in the complaint, but he denied the allegations in the complaint of the annual payments made by him to Mrs. Camp in the year 1880, and in each year thereafter to her death, and he alleged the following to be the facts:

" That in 1880, and in each year after the note for $1,183.36 made by the defendant and set forth in the complaint became due, and until the death of said Mary Etta Camp, this defendant James W. Smith made various payments to said Mary Etta Camp, and at the time of making said payments, and at the time of the death of said Mary Etta Camp, this defendant was indebted to said Mary Etta Camp upon a certain bond and mortgage dated June 20, 1866, executed by him and held and owned by said Mary Etta Camp, to the extent of $25,000 of the principal thereof, said bond and mortgage being made to secure the principal sum of $35,000 and interest, but he denies that he was indebted to her upon any other bond, note, claim or obligation whatever."

He admitted that he made and delivered to Mary Etta Camp two promissory notes made payable to her order, at about the dates and for the sums following, to wit: December 9, 1875, $2,887,89, June 5, 1877, $3,400, and that both of which notes were paid by individual payments made by the defendant James W. Smith to Mary Etta Camp between December 14, 1875, and September 7, 1884, or thereabouts."

He denied " that no application of the payments enumerated in the complaint were made by this defendant nor by said Mary Etta Camp upon any one of the causes of action set forth in the complaint, other than those sued on in this action; but, on the contrary alleges the fact to be that each and every of said individual payments made by him were applied by him to the payment of the bond and mortgage herein recited."

He admitted that among the payments made by him to Mrs.

Camp, were those particularly specified in the complaint, and that he had made the payments specified in the complaint after her death to her executor, but he denied that such payments were applied by the executor upon the notes as alleged in the complaint. And he alleged the fact to be that all the several payments set out in the complaint were made by him individually out of his individual moneys, upon his individual account and not upon firm account, and that they were applied by him at the time of such payments to his individual indebtedness existing at the time of such payments to Mrs. Camp. As a further and separate defense he set up the Statute of Limitations in the same language contained in the answer of the other defendant.

The action was brought to trial and the court directed a verdict in favor of the defendants.

Other facts appear sufficiently in the opinion.

*William Mitchell* for appellant. The Statute of Limitations was not properly pleaded. (*Hulburt* v. *Clark,* 125 N. Y. 295; *Rogers* v. *Murdock,* 45 Hun, 30, 32; *Smith* v. *Kearney,* 2 Barb. Ch. 533; *Stagg* v. *Beekman,* 2 Edw. Ch. 89; *Kincaid* v. *Richardson,* 25 Hun, 237; Code Civ. Pro. §§ 395, 402; *Wood* v. *Baker,* 60 Hun, 337; *Benjamin* v. *De Grott,* 1 Den. 151; *Howell* v. *Babcock,* 24 Wend. 488; *Huntington* v. *Brinckerhoff,* 10 id. 278; *Forbes* v. *Garfield,* 32 Hun, 389.) Plaintiff was not bound to anticipate the defense of the Statute of Limitations by pleading matter in avoidance thereof, and is not restricted, therefore, to proof of such matter as he may have specified or alleged in his complaint for such purpose. (Code Civ. Pro. §§ 413, 481, 500; *Sands* v. *St. John,* 36 Barb. 628; *Cohen* v. *C. L. Ins. Co.,* 69 N. Y. 300; *Ramsay* v. *Barnes,* 16 Daly, 478.) As there is no evidence of any application by the defendant at the time of making the payment, Mary Etta Camp had the undoubted right to apply the payments to the four notes in suit. The court should consider that she had so applied them. (*Bank of California* v. *Nebb,* 94 N. Y. 467; *Marsh* v. *O. C. Bank,* 34 Barb. 298.)

The law should assume that the payments were applied by the debtor to the notes in suit, so as to keep all of the obligations alive, for the law assumes that the debtor does not intend to defraud his creditors. (*Thomas* v. *Kelsey*, 30 Barb. 268.) When there is no evidence that either the debtor or the creditor has made any application of the payments, the duty devolves upon the court to apply the payments at the time they were made so as to do justice and equity between the parties. (*Bank of California* v. *Webb*, 94 N. Y. 467; *Field* v. *Holland*, 6 Cranch, 8; *Smith* v. *Ryan*, 63 N. Y. 352; *Ramsey* v. *Warren*, 97 Mass. 8; Wood on Lim. § 110; Munger on Payments, chap. 13, § 1; id. 145, 146; *Robinson* v. *Allison*, 36 Ala. 525; *Taylor* v. *Foster*, 132 Mass. 30.) There is no injustice to the defendants in applying the payments to the firm debts. The payments were made by one of the copartners during the existence of the copartnership and during the lives of the notes in suit. (*Hulburt* v. *Dean*, 2 Keyes, 104; *Allen* v. *Culner*, 3 Den. 284; *Shipsey* v. *B. N. Bank*, 59 N. Y. 483; *Hayner* v. *Rice*, 100 Mass. 327.) The court will apply payments to the most precarious debt. (*Field* v. *Holland*, 6 Cranch, 8; *Roberts* v. *Allison*, 36 Ala. 525; *Moss* v. *Adams*, 4 Cred. Eq. 42; *Blanton* v. *Rice*, 5 Maresoe, 253; 2 Greenl. on Ev. 533; *McCauley* v. *Holtz*, 62 Ind. 205; *Chester* v. *Wheelwright*, 15 Conn. 562.) The payments should be applied *pro rata* to all of the notes. (*Cowperthwait* v. *Sheffield*, 3 N. Y. 243; *O. C. N. Bank* v. *Moore*, 112 id. 543; *Tallmadge* v. *F. I. Co.*, 4 Barb. 382.) Defendant's exhibit 2 was offered and received only for the purpose of showing that nine items enumerated in the complaint, three items, etc., one of $30, one of $175 and the third of $50 had been applied to some other account than the notes in suit. On familiar principles the evidence could not be extended in favor of the party offering it beyond the limited purpose for which it was offered and received. (*Gildersleeve* v. *Landon*, 73 N. Y. 609; *Elwood* v. *W. U. T. Co.*, 45 id. 549; *Kavanaugh* v. *Wilson*, 79 id. 177.) It is compe-

tent to prove an admission and payment by the debtor even when the admission is made to a third person. (*Chadwick* v. *Fenner*, 69 N. Y. 404.)

*Eugene H. Pomeroy* for respondents. When evidence is excluded upon a mere general objection, the ruling will be upheld, if any ground in fact existed for the exclusion. If in such a case a ground of objection be specified, the ruling must be sustained upon that ground, unless the evidence excluded was in no aspect of the case competent, and could not be made so. (*Quimby* v. *Strauss*, 90 N. Y. 764; *Bergmann* v. *Jones*, 94 id. 51; *Tozer* v. *N. Y. C. R. R. Co.*, 105 id. 659; *Height* v. *People*, 50 id. 392; *Merritt* v. *Seaman*, 6 id. 168.) The notes sued on being concededly outlawed, the court will not apply the payments made by James W. Smith, individually, while owing an individual debt to the same person, not applied by the creditor or James W. Smith, so as to create a new promise for the firm, and take the firm notes out of the operation of the Statute of Limitations. (*Camp* v. *Smith*, 16 N. Y. S. R. 267; Willard's Eq. Juris. 92.) Having once denied the payment, and thereby obtained an advantage, plaintiff is equitably estopped from admitting the payment, and thereby obtaining a second advantage. (*Patrick* v. *Shafer*, 94 N. Y. 423; *Muller* v. *Ponder*, 55 id. 335; *Winegar* v. *Fowler*, 82 id. 315; *Inslee* v. *Hampton*, 11 Hun, 156; *Draper* v. *Stouvenel*, 38 N. Y. 219.) The payments having been the subject of the litigation between the parties hereto, in another action, which proceeded to judgment, and said payments having been passed upon, said judgment is *res adjudicata* between the parties, and the matter of the payment cannot again be inquired into. (*Pray* v. *Hegeman*, 98 N. Y. 351; *Leavitt* v. *Walcott*, 95 id. 212; *Jordan* v. *Van Epps*, 85 id. 427; *Stowell* v. *Chamberlain*, 60 id. 272; *Smith* v. *Smith*, 79 id. 634; *Perry* v. *Dickerson*, 85 id. 345; *Demarest* v. *Darg*, 32 id. 281; *Lorillard* v. *Clyde*, 122 id. 41.)

EARL, Ch. J.  The notes set forth in the complaint as the plaintiff's causes of action appear upon their face to have been barred by the Statute of Limitations long before the commencement of this action.  The plaintiff sought to save his causes of action from the bar of the statute in no other way than by payments alleged to have been made thereon by the defendant James W. Smith.  In his complaint he alleges certain payments, but he does not allege that they were made upon the notes, or that they were made by the firm composed of the defendants, or that they were made on behalf of the firm or with its money, or that the payments made to Mrs. Camp were by either of the parties applied upon the notes.  He alleges the payments were made by James W. Smith to Mrs. Camp, he at the time of the payments being otherwise individually indebted to her; and for relief he asks the court to apply such payments upon these firm notes.  No one, we think, can read the complaint without the conviction that the plaintiff meant to rely solely upon the payments particularly alleged to save his cause of action from the bar of the statute.  He alleges that certain payments, specifying them, made by James W. Smith after the death of Mrs. Camp, were applied upon the notes by her executor, and he asks to have the payments made to her, specifying them, applied by the court.  They are the payments upon which in his complaint he relies, and as to which he seeks the verified answer of the defendants.

I have not failed to take notice of the allegation that James W. Smith made payments in each of the years from 1880 to the death of Mrs. Camp, and the allegation that the particular payments specified were "among the payments" so made.  None of the payments having been applied upon the notes, the payments specified were the only payments which he asked to have applied to save his causes of action.

The trial judge held that the plaintiff could not, under his complaint, have the benefit of any payments except those particularly specified therein, and all those payments (except that of $10, alleged in the complaint to have been paid by James W. Smith to the executor of Mrs. Camp and applied by him

upon the note set forth in the fourth cause of action) were shown to have been applied upon the bond and mortgage in the suit brought by this plaintiff to foreclose that mortgage; and, therefore, it is not now claimed that such payments could be used to save these notes from the bar of the statute. As to the $10, it does not appear clearly how that was applied, or whether it was applied at all. It is sufficient to say that the plaintiff did not prove his allegations in reference thereto, and his counsel did not upon the trial call the attention of the court to that item, or make any claim that it should be allowed as a payment upon any one of these notes.

Therefore, assuming that the judge was right in his ruling as to the complaint, he committed no error in the disposition he made of the case.

But it is claimed on the part of the plaintiff that the judge erred in his ruling, and that he had the right to prove in answer to the defense of the Statute of Limitations, any payments made by James W. Smith which were applied, or applicable upon the notes in suit. Even if the judge did err in that ruling, the error was not harmful to the plaintiff. He was permitted to give all the evidence he offered or claimed to have as to payments. He does not complain that any of his evidence as to payments was excluded, and the question now is whether any payments were proved which were available to save his causes of action from the Statute of Limitations.

There had been a prior action by the plaintiff against the defendant James W. Smith which is reported in 49 Hun, 100, and 117 N. Y. 354. In that action the plaintiff sought to recover of him, individually, a certain sum of money alleged to have been due to Mary Etta Camp under the will of her father. In that action the notes upon which the plaintiff seeks to recover in this action were mentioned in the complaint, but the action was not based upon them. In his answer in that action the defendant alleged, among other things, that Mary Etta Camp had been paid all that was due her under the will of her father, and he further made what turned out to be the unnecessary averment that the several promissory notes men-

tioned in the complaint had been paid. Upon the motion of
the plaintiff's counsel in that action, the defendant was required
to furnish a bill of particulars of his answer as to payments,
and he served such a bill specifying numerous payments
claimed to have been made by him to Mary Etta Camp
between December 19, 1876, and November 18, 1884. Upon
the trial of that action before a referee the defendant was able
to prove some of the items specified in his bill of particulars,
and some of them he was unable to prove ; and the referee
reported in favor of the plaintiff a balance due from the
defendant. From the judgment entered upon that report the
defendant appealed to the General Term where it was reversed,
and the plaintiff appealed to this court. In the General Term
and here it was held that the cause of action set forth by the
plaintiff in his complaint in that action was for money due Mary
Etta Camp under the will of her father, that the action was
not based on the promissory notes mentioned in the complaint,
that the money due her under her father's will had been dis-
charged by the giving of the promissory notes, and that there-
fore there was nothing due her upon the cause of action
alleged. Hence none of the money payments alleged or
proved in that action were applied upon any claim of the
plaintiff as executor against the defendant, and such payments
became wholly unimportant in that action. Upon the trial of
this action the plaintiff for the purpose of proving payments
upon the notes in suit here, introduced in evidence the bill of
particulars served in the former action, claiming that it should
have the force and effect of establishing that payments were
made by the defendant, James W. Smith, to Mary Etta Camp
as therein specified, and that it was the duty of the court to
apply them upon these notes in such way as to save them
from the bar of the Statute of Limitations. He claimed that
the six items of payments made in 1878, six in 1879, two in
1880, one 1881, nine in 1882, four in 1883 and four in 1884,
thirty-two in all, had never been applied by any court or by
Mary Etta Camp or the plaintiff as her executor upon any
obligations for which the payors were liable to her or him, and

hence that they should be applied by the court upon these notes.

It is not easy to determine how much force, if any, under the circumstances, these specifications of payments in the bill of particulars are entitled to in this action. The former action was against this defendant individually, and the payments specified in the bill of particulars were alleged to have been made in discharge of his individual obligations, and he then claimed the benefit of those payments in discharge of such obligations. They were payments, as we must assume, made from his own funds, on his own account. By looking at the record in the former action it appears that those payments were denied by the plaintiff, and the defendant was defeated in his attempt to prove them on the objection of the plaintiff that he was not competent to give evidence of the payments to Mary Etta Camp, as they involved personal transactions between him and her. So if we have the admission of the defendant that he paid those items, we have the denial, and so far as that action was concerned, a successful denial, that he had made such payments. At the time those payments were made the defendant was individually indebted to Mary Etta Camp upon promissory notes and a bond and mortgage, in a gross sum largely exceeding all the payments made by him to her. The plaintiff now comes into court alleging that those payments were not applied in any way by either party. The defendant alleges that they were not applied upon the notes in suit, but that they were applied upon his individual obligations, and there is no proof whatever in the case of the circumstances under which the payments were made.

At the commencement of this action there remained no individual obligations of the defendant upon which these payments could be applied except the bond and mortgage. The plaintiff had commenced an action to foreclose the mortgage, claiming that there was due thereon the sum of $35,000 besides interest. The defendant in his answer in that action among other things alleged that he had made various payments

upon the mortgage, and that there was due thereon only the sum of about $20,000. After the trial of that action judgment of foreclosure was entered for nearly $30,000, besides costs, which the defendant paid and discharged. Upon the trial of this action the plaintiff introduced the judgment-roll in the foreclosure action in evidence for the purpose of showing that the payments above specified which the plaintiff claimed to have applied upon the notes in suit had not been applied upon the bond and mortgage. It was admitted on the trial of this action that the defendant attempted in the foreclosure action to prove the payments above specified, but that the plaintiff denied them and evidence of those payments was excluded on his objection that it involved a personal transaction with Mary Etta Camp. The result was that upon the objection of the plaintiff and the denial by him of the payments, the defendant was deprived in that action of the benefit of the payments which the plaintiff now claims he actually made to Mary Etta Camp. So this case stands upon the proof of payments, and we have this curious state of things; that in two suits prior to this between these same parties the defendant alleged these payments to Mary Etta Camp and the plaintiff denied that he had made them. In other words, the defendant admitted that he had made them, and we have the admission of the plaintiff that he had not made them. If the plaintiff is entitled to give in evidence the admission of the defendant against him, the defendant is entitled to give in evidence the admission of the plaintiff against him, and under such circumstances it is difficult to perceive, in the absence of any evidence corroborating either party — each party so far as the record discloses being entitled to the same credence — how it can be claimed under such conflicting admissions that anything whatever is established.

But if we are to assume upon any view of the evidence that the bill of particulars introduced by the plaintiff is to be taken as establishing that these payments were made to Mary Etta Camp, the whole admission contained in the defendant's answer in the first suit and in the bill of particulars and the

circumstances under which the bill of particulars was served, must be taken into account; and then the legal effect of the admission of the defendant is that he had made those payments from his individual fund, on his individual account, in discharge of his individual liability. It would be exceedingly unjust now after the plaintiff in the two prior actions had denied these payments and in the foreclosure action deprived the defendant of the benefit of them, that he should now be permitted to use them, upon such evidence as we have here, to the detriment of the defendant for the purpose of saving from the bar of the statute, notes many years past due at the time this action was commenced.

We have not overlooked the fact that these payments, so far as appears in this action have not actually been applied upon any obligations due from the defendant to Mary Etta Camp. There was no finding in either of the prior actions that the defendant had not made these payments. He had simply been unable to prove them, because the plaintiff objected to his evidence as involving personal transactions between himself and Mary Etta Camp. It may, nevertheless, be true that he made the payments and that, but for the failure of his proof in consequence of the legal obstacles standing in his way, the judgment in the foreclosure action would have been for a much smaller sum than that rendered against him. It was either adjudicated in the foreclosure action that he had not made these payments (in which event both parties would be bound by the adjudication), or it was simply adjudicated that he had failed to prove them, while he may, nevertheless, have made them, in which latter event he was unjustly deprived of the benefit of the payments.

The most feasible view for the plaintiff is that these thirty-two payments were made to Mary Etta Camp generally while she held individual obligations against the defendant for larger sums than all the payments and also the firm obligations set up in the complaint in this action. There is no proof that Mary Etta Camp supposed or had any right to suppose that the individual payments made by Smith were made by

him as a member of the firm, or out of firm funds, or to apply upon firm indebtedness. The rule is that where payments are made generally to a party who holds several obligations against the payor, which are not applied by either party, the court will make such application of the payments as equity and justice require, according to its own notion of the intrinsic equity and justice of the case. (*Field* v. *Holland,* 6 Cranch, 8; *Cremer* v. *Higginson,* 1 Mason, 325; *Bank of California* v. *Webb,* 94 N. Y. 467.)

From the facts and circumstances of this case it was not the duty of the court to apply the thirty-two payments or any of them upon these four notes, and it cannot be said that equity and justice required that they should be so applied.

The conclusion thus reached may be still further fortified. The defendant knew when these payments were made that Mary Etta Camp held against him these firm obligations as well as his individual obligations, and he made the payments to her from his individual funds, and, as I will assume, no application of the payments was made by either party. So assuming the bond and mortgage to be then outstanding, it became the duty of the court upon the trial of this action to make application of the payments according to justice and equity. In such a case it seems to me quite obvious, in the absence of qualifying circumstances, that the payments made by the individual out of his individual funds should be first applied by the court upon his individual obligations, and I think, at least, the weight of authority sanctions such a rule. It appears to have been held in *Van Rensselaer's Executors* v. *Roberts* (5 Denio, 470), that if one indebted individually, and also jointly with another to the same creditor makes a general payment the creditor may apply it to either account as he may choose. That rule seems to have been announced without much consideration, and upon the authority of the case of *Baker* v. *Stackpole* (9 Cowen, 420), decided in the Court of Errors, where an entirely different rule appears to have been laid down as follows: "Where A. has a demand against B. and C., and a more recent demand against B. alone,

who makes an indefinite payment, the law will appropriate the payment first to the extinguishment of the individual demand, and then the residue, if any, to the joint demand, though if both demands were against B. alone it might appropriate the payment first to the extinguishment of the oldest debt." So the case of *Baker* v. *Stackpole* is not authority for the decision in *Van Rensselaer's Executors* v. *Roberts.* But the two cases may be reconciled by holding that in such a case the creditor himself in pursuance of the implied consent of the debtor may apply the payment either upon the joint or the individual demand as he chooses, but that the court when neither party has made the application will apply an individual payment upon an individual and not upon a joint demand. In *Livermore* v. *Claridge* (33 Me. 428) it was held that a partial payment made by a party who was indebted severally and also jointly with another to the same creditor for items of book charges, is to be applied upon the several debt, unless a different appropriation is proved to have been intended at the time of payment. In *Johnson* v. *Boone's Adm'r* (2 Harrington, 172), it was held that if one member of a firm make a payment to one who has an account against him, and also an account against the firm, the creditor must apply the payment on the individual account, unless he can show a consent to have it otherwise applied. In Munger on the Application of Payments, p. 173, the author citing various authorities, lays down the rule as follows: "A partial payment made by a party who was indebted severally and also jointly with another to the same creditor for items of book charges is to be applied on the several debt unless a different application is proved to have been intended at the time of payment." The rule laid down by these authorities is a reasonable one, and would, in most cases certainly, give effect to the intention of the persons making payments under such circumstances.

However, the plaintiff claims that this rule can have no application to this case as at the time of the trial of this action he did not hold any unpaid individual obligations against the

payor upon which these payments could be applied. But he does not seek to have the payments applied as of the date of the trial upon these notes then barred by the Statute of Limitations. No court would make such an application to give new life to outlawed notes. What he seeks is to have them applied upon these notes as of the dates when they were made, and at those dates he held the individual obligations. If he wants them applied as of those dates, the facts and circumstances then existing must control the application. He cannot have them applied as to the payor as of the date of the trial and as to himself as of the dates when they were made. He cannot claim that because the payor was in consequence of his denials and objections deprived of the benefit of these payments, now confessed to have been made, upon the individual obligations where under the rules of law they should have been applied, they should now be applied to the disadvantage of the payor, where the law would not apply them when made. Having denied these payments when their admission would have benefited the payor, he should not now be permitted to assert them when their admission will harm the payor.

Our conclusion therefore is that the trial judge did not err in refusing to apply any of these payments upon the notes in suit, and there was no evidence in reference to them for submission to the jury.

It is, however, claimed on the part of the plaintiff that the answer of the Statute of Limitations in this case is not sufficient because it alleges eight years instead of six as the time which had elapsed. The attention of the court upon the trial was not called to this alleged defect, and the objection now made is altogether too technical. If eight years had elapsed certainly six years had, and the allegation was ample to give the plaintiff notice of the precise defense relied upon.

We are therefore of opinion that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.