HOBBS v. NATIONAL BANK OF COMMERCE OF KANSAS CITY, MO.

(Circuit Court of Appeals, Second Circuit. July 18, 1899.)

No. 157.

1. CORPORATIONS—ACTION TO ENFORCE STATUTORY LIABILITY OF STOCKHOLDER —LIMITATIONS.
   Whether an action brought in another state to enforce the statutory liability of a stockholder of a Kansas corporation is governed as to limitation by the statutes of Kansas or of the lex fori, quære.

2. SAME—NEW YORK STATUTE.
   Code Civ. Proc. N. Y. § 394, as amended in 1877, providing that an action against a director or stockholder of a moneyed corporation to enforce a liability "created by law" must be brought within three years after the cause of action accrued, is applicable to an action against a stockholder of a corporation of another state to enforce a liability imposed by the statutes of such state.
   Wallace, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of New York.

The National Bank of Commerce of Kansas City, Mo., recovered a judgment in an action in the state court of Kansas, which had jurisdiction of the case, against the Western Farm Mortgage Company, a corporation of Lawrence, Kan. Upon this judgment an execution was issued, which was returned unsatisfied on April 17, 1893. On May 23, 1896, the plaintiff commenced an action at law in the circuit court for the Northern district of New York against the defendant, a resident within said district and citizen of New York, alleging that he was a stockholder of the Lawrence corporation, and was liable to the defendant under the provisions of the constitution and statutes of the state of Kansas. The action was tried by the court upon the written stipulation of the parties, and judgment was rendered for the plaintiff. To review that judgment this writ of error was brought.

Charles Van Kirk, for plaintiff in error.
Omar Powell, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The provisions of the constitution and statutes of Kansas which relate to the liability of the stockholders of a Kansas corporation to pay its debts were quoted in the opinion of this court in Whitman v. Bank, 28 C. C. A. 404, 83 Fed. 288. In that case it was held that a suit to enforce the liability was transitory in its character, and could be brought by an action at law in a court of another state against a single stockholder who was a resident of such state. It was further said that the liability was statutory because it did not exist at common law, and was contractual because "every one who becomes a member of the company by subscribing to its stock assumes this liability." Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263. The Whitman Case is now under review by the supreme court, and has not been decided.

The other question in the case which is of general importance is in regard to the defense of the statute of limitations. The suit was brought under the provisions of section 32 to be found in Whitman v. Bank, supra, and the right of action against the defendant accrued on April 17, 1893, the date of the return of the unsatisfied execution, and more than three years before the commencement of this suit. In the Kansas statutes which created the liability of a stockholder, no time limit was established within which an action must be brought to enforce it. By the general statute of limitations of Kansas, an action upon a liability created by statute, other than a forfeiture or penalty, must be brought within three years after the cause of action accrued. This is the Kansas limitation upon a stockholder's liability, under section 32. Cottrell v. Manlove (Kan. Sup.) 49 Pac. 520. The general rule in regard to statutes of limitation which do not extinguish the claim, but merely prevent the remedy, is that the limitation of action is governed by the lex fori, and is controlled by the legislation of the state in which the claim is brought. Telegraph Co. v. Purdy, 162 U. S. 329–339, 16 Sup. Ct. 810; Scudder v. Bank, 91 U. S. 406; Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102; Insurance Bank v. Eldred, 130 U. S. 693, 9 Sup. Ct. 690; Railway Co. v. Johnston, 26 U. S. App. 85, 9 C. C. A. 587, 61 Fed. 738. There is, however, force in the idea that, when an action is brought in another state to enforce this statutory liability, it is enforced with all the in-

cidents which belong to it in the state of its creation, unless they are against the public policy of the forum. The statutory form of remedy is exclusive, and a conformity to the statutory bar against a remedy carries into complete effect the principle that the "individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute" (Pollard v. Bailey, 20 Wall. 520), and adds to it only the declaration that the state which created the liability and the remedy will control the extent of the remedy. It is claimed that this was stated in the opinion in Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, in which it was said that "suits either at law or in equity, in the circuit court, to enforce the liability of stockholders under a state statute, are governed by the statute of limitations of the state." The defense of the statute of limitations did not exist in that case, and it is not certain that the remark was not simply applicable to suits in the circuit court in the state which created the liability. The citations which were given were cases of that class.

If the general rule in regard to the lex fori is applicable, the defendant urges that by the statute of limitations of New York this suit was barred. The statutes applicable to this liability are contained in the chapter of the Code of Civil Procedure relating to limitations, and are as follows:

"Sec. 382. Actions barred in six years are an action upon a contract obligation or liability, express or implied, except a judgment or sealed instrument. An action to recover upon a liability created by statute, except a penalty or forfeiture."

"Sec. 394. This chapter does not affect an action against a director or stockholder of a moneyed corporation or banking association to recover a penalty or forfeiture imposed or to enforce a liability created by law, but such actions must be brought within three years after the cause of action accrued."

"Sec. 414. The provisions of this chapter apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases."

This case is not within the excepted provisions. A "moneyed corporation," spoken of in section 394, is defined in the statutes of New York to be "every corporation having banking powers, or having the power to make loan upon pledges or deposits, or authorized by law to make insurance." 2 Rev. St. (7th Ed.) p. 1371. The Western Farm Mortgage Company had power to make loan upon pledges or deposits. The plaintiff insists that the history of section 394 shows that it is only applicable to domestic corporations created by the statutes of the state of New York. The history is given in Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663, and is substantially as follows: Section 109 of the Code of Procedure as amended in 1849 was formerly section 89 of the Code of 1848, which was taken from section 44, c. 4, pt. 3, of the Revised Statutes, which was as follows:

"None of the provisions of this chapter shall apply to suits against directors or stockholders of any moneyed corporations, to recover any penalty or forfeiture imposed, or to enforce any liability created by the second title of the first part of the Revised Statutes; but all such suits shall be brought within six years after the discovery, by the aggrieved party, of the facts upon which such penalty or forfeiture attached, or by which such liability was created."

The second title of the chapter of the statutes which was referred to imposed liabilities upon the directors and stockholders of the

moneyed corporations authorized by the chapter, and, if the statute of limitations had remained unaltered, it would have been limited by its terms to those liabilities or penalties, and would have been inapplicable to this case. In 1849 section 89 was amended so as to read as follows:

"This title shall not affect actions against directors or stockholders of a moneyed corporation or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within six years after the discovery, by the aggrieved party, of the facts upon which the penalty or forfeiture attached, or the liability was created."

By this amendment, the provisions became applicable to banking associations, a class of corporations authorized in 1838, and to which the provisions of the "second title," which had been referred to in the preceding statute, did not apply. Robinson v. Bank, 21 N. Y. 406. The limitation to the liabilities created by the Revised Statutes was omitted, and the words "liability created by law" were substituted. In Brinckerhoff v. Bostwick, supra, it was held that statutory liabilities were still intended, but that the new phrase comprehended "those created by other statutes and by the constitution of 1846." In 1877 the section was simplified and strengthened by striking out "six years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created,"—language which adhered to the idea of a violation of local penal statutes,—and the words "three years after the cause of action accrued" were substituted, and, as thus amended, it appears in section 394 of the Code. Inasmuch as the court of appeals in the Brinckerhoff Case had decided that "a liability created by law" meant a statutory liability, the act was further amended by the legislature of New York in 1897, but after this suit was brought, so that the paragraph now includes a liability "created by common law or by statute." The history of the statute shows that the legislature intended to enlarge it, so that it should not be limited to liabilities created by one set of statutes, or imposed upon the officers of the class of corporations which were originally mentioned. It has become a different statute. Its terms are now so broad as to include every class of liabilities of stockholders of moneyed corporations, and, after the amendment of 1877, there seems to be no adequate reason why the statute should be limited to the liabilities of stockholders of domestic moneyed corporations, and should be construed to mean that the liability of stockholders in such corporations should be limited to three years, and that the liability of New York stockholders in foreign corporations of that class should run for six years.

The judgment of the circuit court is reversed, with costs.

WALLACE, Circuit Judge. I am unable to concur in the proposition that the statute of limitations, as amended after the present action was brought, affords a defense to the action.