SEATTLE NAT. BANK v. PRATT.

(Circuit Court, N. D. New York.  July 10, 1900.)

1. CORPORATIONS—ACTIONS TO ENFORCE STATUTORY LIABILITY OF STOCKHOLD-
ERS—LIMITATIONS.
Gen. St. Kan. c. 23, § 44, provides that if a corporation be dissolved,
leaving debts unpaid, suits may be brought against stockholders.  Id.
par. 1200, provides that, as to creditors seeking to enforce additional lia-
bility of stockholders, the corporation shall be deemed dissolved if it has
suspended business for more than one year.  *Held*, that limitations against
the enforcement of such liability begin to run at the expiration of a year
from such suspension, whether the claim against the corporation has been
reduced to judgment or not, since the creditor may immediately proceed
against the stockholders on the dissolution of the corporation, without
waiting to obtain a judgment against the corporation.

2. SAME.
Code Civ. Proc. N. Y. § 394, providing that an action against a stock-
holder to enforce a statutory liability must be brought within three years
after the cause of action accrues, applies to an action against a stock-
holder of a corporation of another state to enforce a liability imposed by
the statutes of such state.

At Law.

L. A. Stebbins and George Lawyer, for plaintiff.
Charles E. Patterson and Charles C. Van Kirk, for defendant.

COXE, District Judge.  This is an action to recover of the defend-
ant, who was a stockholder of the Western Farm Mortgage Trust
Company, a Kansas corporation, the additional liability created by
the constitution and laws of that state.  The only defense, necessary
to consider, is the statute of limitations.  The plaintiff recovered a
judgment against the trust company January 18, 1897, upon a debt
which matured prior to March, 1893.  Execution was returned nulla
bona on the same day.  An alias execution was issued and returned
nulla bona April 15, 1897.  A receiver was appointed for the trust
company in Colorado, February 6, 1892, and in Kansas, March 5, 1892.
No business was transacted by the trust company after the appoint-
ment of these receivers.  An attempt was made to show that its busi-
ness career did not end at this time, but it was not successful.  There
can be no doubt that the commercial life of the company terminated
when the title to its property, of every name and nature, vested in the
receiver.  It was stricken with financial coma and, though not legally
dead, it was as incapable of conducting business as is a general paretic
for whom a committee has been appointed by the court.

In determining whether or not the action is barred it is necessary
to answer the following questions:  First. When did the cause of
action against the defendant accrue?  Second.  Does the statute of
limitations of Kansas or of New York apply?

In Cottrell v. Manlove, 49 Pac. 519, the supreme court of Kansas has
construed sections 32 and 44 of the Kansas statute (Gen. St. c. 23) pre-
scribing the manner of enforcing the liability of stockholders.  Section
44 provides that if the corporation "be dissolved, leaving debts unpaid,
suits may be brought against any person or persons who were stock-
holders at the time of such dissolution."  The court holds that this

remedy is open to creditors immediately upon the dissolution of the corporation, without awaiting the recovery of a judgment against the corporation, and that the statute of limitations starts to run at the date of dissolution. The remedy under section 32, giving the creditor the right to pursue the stockholder upon the judgment against the corporation, cannot operate, says the court, to extend the period of limitation. In the case of a dissolved corporation section 44 gives an immediate right of action, and the creditor cannot extend the limitation upon that right by adopting the slower process of obtaining a judgment against the corporation. The right of action was complete the moment the corporation was dissolved. This decision was pronounced in an action in which the Kansas statute of limitations was a defense, but it cannot be considered as construing that statute. It is a construction of the foregoing sections of the corporation law of Kansas and, as such, is binding upon this court. If it construed the Kansas statute of limitations, and that only, it would not conclude this court, unless that statute is applicable as a defense.

At what date was the corporation dissolved? Paragraph 1200 of the General Statutes of Kansas provides that, as to creditors seeking to enforce the additional liability of stockholders, the corporation shall be deemed dissolved if it has suspended business for more than one year. It is not necessary that there should be a formal judgment of dissolution. The statute begins to run after the expiration of a year from the date of suspension. Bank v. King, 60 Kan. 733, 57 Pac. 952; Crocker v. Ball (Kan. App.) 59 Pac. 691. As the receiver in the case at bar was appointed in Kansas, March 5, 1892, the statute began to run March 6, 1893. The cause of action would, therefore, be outlawed on the 7th of March, 1896, if a three-years statute of limitation applies. This action was begun September 3, 1898. Section 394 of the Code of Civil Procedure of New York provides that an action against a stockholder to recover a penalty or forfeiture or to enforce a liability created by statute "must be brought within three years after the cause of action has accrued." That this statute applies to the present situation was held by the circuit court of appeals of this circuit upon facts, which, from a legal point of view, are identical. Hobbs v. Bank, 37 C. C. A. 513, 96 Fed. 396; Id. (C. C. A.) 101 Fed. 75. The learned counsel for the plaintiff contend that an analysis of the four opinions delivered in the Hobbs Case leads to the conclusion that the Kansas and not the New York statute was held to be applicable. The court cannot accept this view though it be pressed with earnestness and ingenuity. There can be no question that the defense of the statute of limitations was sustained, and it is difficult to perceive how this result could have been reached under the Kansas statute when section 21 of the Code of that state expressly provides that the period of limitation does not run in favor of a person who is "out of the state." It is said that this point was not argued and may have escaped the attention of the court, but this is hardly probable in view of the fact that the record necessarily disclosed the citizenship and residence of the defendant in this district, and in view of the further fact that a similar provision is found in the Code of almost every state of the Union, New York included,

refusing the benefit of the statute of limitations to persons not actually within the state. But in any event this court interprets the decisions in the Hobbs Case as holding that section 394 of the New York Code is a bar to an action brought in this state to enforce the stockholder's liability created by the laws of Kansas, if not commenced within three years after the cause of action accrued. It follows that the complaint must be dismissed, with costs.