PLATT v. HUNGERFORD et al.

(Circuit Court, N. D. New York. June 27, 1902.)

No. 3,314.

1. CORPORATIONS—ACTION TO ENFORCE LIABILITY OF STOCKHOLDER.

Code Civ. Proc. N. Y. § 394, providing that an action against a stockholder to enforce a statutory liability must be brought within 3 years after the cause of action accrues, is applicable to an action brought in New York against a resident of that state who was a stockholder in a Kansas corporation to enforce his personal liability under the constitution and statutes of Kansas.

2. SAME—ACTION AGAINST EXECUTORS

Code Civ. Proc. N. Y. § 403, providing that "the term of 18 months after the death within this state of a person against whom a cause of action exists * * * is not a part of the time limited for the commencement of an action against his executor or administrator," operates only to extend the time within which such action may be brought against an executor 18 months after it would have been barred had the decedent lived.

3. SAME—ACCRUAL OF CAUSE OF ACTION—KANSAS STATUTE.

Under the laws of Kansas a cause of action to enforce the statutory liability of a stockholder accrues at once on the dissolution of the corporation, and it is deemed dissolved by operation of law if it has suspended business for more than one year.

At Law. Trial by the court, a jury trial having been waived.

This action was begun September 29, 1898, by the plaintiff, who was appointed receiver of the Commercial National Bank of Denver, Colo., by the comptroller of the currency, to recover of the defendants, as executors of Richard E. Hungerford, the amount of his statutory liability under the constitution and laws of Kansas, as stockholder in the Western Farm Mortgage Trust Company, a Kansas corporation. Richard E. Hungerford died January 5, 1896, and the defendants were appointed executors January 23, 1896. Richard E. Hungerford was the owner of 20 shares of the capital stock of the Western Farm Mortgage Trust Company but, in October, 1891, he returned the certificates of said stock to the said company to be canceled. No transfer of the stock upon the company's books has been shown. The action is founded upon a judgment entered June 3, 1893, against the said Mortgage Trust Company and in favor of the said Commercial National Bank on which there is now due over $6,500. Execution was issued on this judgment and was returned unsatisfied September 4, and filed September 7, 1894. The only proof of said judgment is a copy of a journal entry on file in the office of the clerk of Douglas county, Kan. There is no proof, other than the said entry, of any process or pleadings in said action. If such papers existed they were not in the clerk's office or, at least, the clerk was unable to produce them. On March 5, 1892, in an action commenced in the district court of Kansas held in and for the county of Douglas a receiver

¶ 1. See Corporations, vol. 12, Cent. Dig. § 1085.

of all the property of the Farm Mortgage Trust Company was duly appointed. The receiver so appointed having died August 14, 1898, another receiver was, on the following day, duly appointed to succeed him.

The questions reserved for decision are as follows: First: Is the action barred by the statute of limitations? Second: Can the action be maintained against the executors of the original stockholder? Third: Is the proof of a judgment against the Farm Mortgage Trust Company sufficient? Fourth: Does the proof show that Richard E. Hungerford was a stockholder at the time the judgment was recovered?

Omar Powell, for plaintiff.

Watson M. Rogers, for defendants.

COXE, Circuit Judge (after stating the facts). The statute of limitations applicable is section 394 of the New York Code, which provides that actions of this character "must be brought within three years after the cause of action has accrued." Bank v. Pratt (C. C.) 103 Fed. 62, affirmed Id., 49 C. C. A. 662, 111 Fed. 842. The Seattle Case, like the case at bar, was against a stockholder of the Western Farm Mortgage Trust Company, and, being the latest case considered by the circuit court of appeals, must be regarded as establishing the law in this circuit. The following propositions were there decided.

First: That the construction placed upon the statutes of Kansas by the supreme court of that state should be followed by this court.

Second: That section 44 of the Kansas statute (Gen. St. 1889 c. 23) gives a remedy to creditors to pursue stockholders immediately upon the dissolution of a corporation without waiting for the recovery of a judgment against the corporation.

Third: That the statute of limitations starts to run at the date of dissolution.

Fourth: That the remedy under section 32 of the same Kansas statute, which is the remedy invoked in the case at bar, cannot operate to extend the period of limitation, the right of action being complete the moment the corporation is dissolved.

Fifth: That under paragraph 1200 of the General Statutes of Kansas the corporation shall be deemed dissolved if it has suspended business for more than one year, a formal judgment of dissolution being unnecessary.

Sixth: That the Western Farm Mortgage Trust Company was dissolved a year from the date of the appointment of a receiver of its property and that the statute of limitations began to run March 6, 1893.

Applying this law to the facts at bar, it seems plain that were the original stockholder alive March 7, 1896, the cause of action against him would be outlawed. Richard E. Hungerford died January 5, 1896, before the statute had run, and it is argued for the plaintiff that section 403 of the New York Code is, therefore, applicable. This section provides that "the term of eighteen months after the death, within this state, of a person against whom a cause of action exists * * * is not a part of the time limited for the commencement of an action against his executor or administrator."

Assuming that this section adds eighteen months to the three years statute, making four and a half years in all, the cause of action would

outlaw September 7, 1897. As this action was commenced September 29, 1898, it is manifest that it was begun too late under the law as enunciated in the Seattle and Pratt Case. The court is unable to distinguish this case from the case at bar, the facts, in legal effect, being identical.

It is unnecessary to consider the other defenses. The complaint is dismissed, with costs.