## DAVIS v. MILLS et al.

### (Circuit Court of Appeals, Second Circuit. February 25, 1903.)

### No. 64.

1. LIMITATION OF ACTIONS—DEMURRER.

    Where the statement of plaintiff's cause of action shows that plaintiff could not under any circumstances avoid the defense of limitations, such defense may be set up by demurrer in an action pending in Connecticut.

2. CORPORATIONS—REPORTS—FAILURE TO FILE—LIABILITY OF TRUSTEES—LIMITATIONS—APPLICATION OF FOREIGN STATUTE.

    Gen. St. Conn. 1888, § 1379, providing that "no suit for any forfeiture on any penal statute shall be brought, but within one year next after the commission of the offense," does not apply to an action in the federal court sitting in Connecticut against trustees of a Montana mining corporation, residing in Connecticut, to recover debts of the corporation, as authorized by Civ. Code Mont. § 451, by reason of the trustees' failure to file annually a specified report of the company's business, as required by such section.

3. SAME—STATUTES—REPEAL.

    Comp. St. Mont. § 45, providing that in any action for a penalty or forfeiture, when the action is given to an individual, except where the statute imposing it prescribes a different limitation, the action shall be commenced within one year, was repealed by Code Civ. Proc. Mont. § 515, subd. 1, declaring that an action on a statute for a penalty or forfeiture, when the action is given to an individual, shall be brought within two years, and section 3482, declaring that, in all cases provided for by the Code, all statutes previously in force, whether consistent or not, were repealed and abrogated, unless expressly continued.

4. SAME.

    Under Code Civ. Proc. Mont. tit. 2, prescribing the time for the commencement of actions, and declaring (section 554) that such title shall not affect actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law, Code Civ. Proc. Mont. § 515, providing that an action on a statute for a penalty or forfeiture shall be brought within two years, unless a different limitation is prescribed by the statute, has no application to such action.

In Error to the Circuit Court of the United States for the District of Connecticut.

John A. Shelton, for plaintiff in error.

W. W. Hyde, for defendants in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The plaintiff is a citizen of Montana, and the owner, by assignment, of three causes of action (for goods sold and on promissory note) against the Obelisk Mining & Concentrating Company, a Montana corporation. The indebtedness of the company upon these causes of action accrued July 31, 1892, July 1, 1892, and December 12, 1892, respectively.

The defendants are citizens of Connecticut, resident continuously therein for more than 12 years last past, and at all the times mentioned

¶ 1. See Limitation of Actions, vol. 33, Cent. Dig. §§ 670, 671, 673.

¶ 4. Limitation of actions against corporate officers, see note to Patterson v. Wade, 53 C. C. A. 7.

in the complaint were trustees of the said company. The statutes of Montana provide that within 20 days from the 1st day of September every such company shall annually file a specified report, and that, if it "shall fail to do so, all the trustees of the company shall be jointly and severally liable for all debts of the company then existing, and for all that shall be contracted before such report shall be made." Section 460 of chapter 25 of division 5 of the Compiled Statutes of Montana, which was in force when the cause of action arose, re-enacted as section 451 of the Civil Code of Montana, which went into effect July 1, 1895.

The Obelisk Company did not make and file such report within 20 days from the 1st day of September, 1893, or at any time, except on September 20, 1890, and on September 1, 1892. It is conceded that, under the decisions in Montana, the cause of action accrued against the directors upon the failure to file the first report due next after the debt matured, and that the continuance of the default on the part of the directors in successive years did not have the effect of renewing their liability. The three causes of action here sued upon therefore accrued against the defendants not later than September 22, 1893. This action was brought July 30, 1897, to enforce a joint and several liability of defendants for the debts of the company above set forth.

The defendants have demurred to the complaint, assigning as three separate grounds of demurrer that the causes of action all accrued more than one, more than two, and more than three years prior to the commencement of the action.

The plaintiff contends that the defense of the statute of limitations cannot be set up by demurrer. This is wholly a question of Connecticut practice, and there is authority supporting this contention in O'Connor v. Waterbury, 69 Conn. 206, 37 Atl. 499. But in a later cause in the same state it was held that, where there was no possible question of the avoidance of a statute of limitations by a new promise, so that plaintiff need not be given an opportunity to reply to such a defense, a different rule applied. "The plaintiff stated its claim fully, and the statement showed that it could not under any circumstances maintain it against the defendant's objection. It was therefore his right to set this up by demurrer." Hartford & C. R. R. v. Montague, 72 Conn. 692, 45 Atl. 961.

Defendants rely upon a Connecticut statute which reads as follows: "Sec. 1379. No suit for any forfeiture upon any penal statute shall be brought, but within one year next after the commission of the offense." Referring to this statute, the Supreme Court of Errors in Connecticut has held that it is applicable only to a statute "that declares a forfeiture and deals with an offense. And it must be a forfeiture and an offense in the sense in which these terms are used in a penal statute. * * * Penal statutes, strictly and properly, are those imposing punishment for an offense against the state. And the expression 'penal statutes' does not ordinarily include statutes which give a private action against a wrongdoer." Plumb v. Griffin, 74 Conn. 132, 50 Atl. 1. See, also, Wells v. Cooper, 57 Conn. 52, 17 Atl. 281; Borough v. Hall, 64 Conn. 426, 30 Atl. 47.

We are of the opinion that the provisions of section 1379 do not apply to such a cause of action as is set forth in the complaint.

Defendants further rely upon sections 45 and 50 of the Compiled Statutes of Montana, which read as follows:

"Sec. 45. (1) In an action for a penalty or forfeiture, when the action is given to an individual, or to an individual and the territory, except where the statute imposing it prescribes a different limitation; (2) an action against a sheriff or other officer for the escape of a prisoner arrested or imprisoned on civil process shall be commenced within one year."

"Sec. 50. If when the cause of action shall accrue against a person he is out of the territory, the action may be commenced within the time herein limited, after his return to the territory; and if after the cause of action shall have accrued he depart from this territory, the time of his absence shall not be a part of the time limited for the commencement of the action."

Section 42, however, was repealed two years before this suit was brought, by the Code of Civil Procedure. That Code contains the following sections:

"Sec. 510. The periods prescribed for the commencement of actions * * * are as follows: * * *

"Sec. 515. Within two years: (1) An action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation."

"Sec. 541. If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

"Sec. 3482. * * * in all cases provided for by this Code, all statutes, laws and rules heretofore in force in this state, whether consistent or not with the provisions of this Code, unless expressly continued in force by it, are repealed and abrogated."

"Sec. 3450. This Code takes effect at twelve o'clock noon on the first day of July, A. D. 1895."

The effect of this legislation was to abrogate the old section 45 of the Compiled Statutes on July 1, 1895.

Defendants further rely upon section 515 of the Code of Civil Procedure, above quoted. That Code and the Civil Code, which contains the provision imposing liability for failure to file report, went into effect on the same day. Civ. Code, § 4650. In the Code of Civil Procedure there is a title, numbered 2, and containing four chapters (sections 470 to 559), which deals with the time of commencing actions. It contains section 515, above quoted, and also contains the following:

"Sec. 554. This title does not affect actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty of forfeiture attached or the liability created [sic]."

This section makes the provisions of section 515 inapplicable to such a cause of action as that set out in the complaint.

As to the question whether the last-quoted section (554), applies to the action at bar, this court has not reached a conclusion. Hobbs v. National Bank, 37 C. C. A. 513, 96 Fed. 396; same case on rehear-

ing, 41 C. C. A. 205, 101 Fed. 77; Brunswick Terminal Co. v. Nat. Bank of Baltimore, 40 C. C. A. 22, 99 Fed. 635; Whitman v. Citizens' Bank, 49 C. C. A. 122, 110 Fed. 503.

In view of the conflicting decisions, this question will be certified to the Supreme Court, and decision on this writ of error will meanwhile be reserved.