RAMSDEN v. GATELY et al.

(Circuit Court, S. D. New York. January 16, 1906.)

1. CORPORATIONS—ACTION AGAINST STOCKHOLDERS—KANSAS STATUTE.

Under Gen. St. Kan. 1868, c. 23, § 40, as amended by Laws 1883, p. 88, c. 46, a cause of action accrues in favor of a creditor of a corporation against each stockholder one year after the corporation has suspended business.

2. LIMITATION OF ACTIONS—PLEADING STATUTE.

The fact that an answer pleads a limitation of six years, whereas the statute applicable makes the limitation three years, does not render the plea unavailing.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, § 704.]

3. CORPORATIONS—ACTION AGAINST STOCKHOLDER—STATUTE APPLICABLE.

The three-year statute of limitations prescribed by Code Civ. Proc. N. Y. § 394, for suits against stockholders of corporations to enforce a statutory liability is applicable to an action brought in that state against a stockholder of a foreign corporation.

At Law. Tried before court and jury.

COXE, Circuit Judge. This action is brought to enforce the additional liability of a stockholder of the Lombard Investment Company, a Kansas corporation, as provided by the laws of that state.

The only defense necessary to be considered is the statute of limitations. This action was commenced April 29, 1898. The Lombard Investment Company was organized November 2, 1882. It was dissolved by operation of law August 1, 1891.

That the corporation was dissolved for the purpose of enabling suits of this character to be prosecuted is established by the proof and is found as a fact by the Circuit Court of Appeals of the Eighth Circuit, as follows:

"The Kansas Company suspended business August 1, 1890, and that suspension still continuing, a cause of action upon each debt of the company arose to the creditor against each stockholder August 1, 1891." Anglo-American Co. v. Lombard, 132 Fed. 721, 68 C. C. A. 89.

The statute relied on is section 394 of the New York Code of Civil Procedure, which provides that actions of this character must be brought within three years after the cause of action has accrued. The defense as pleaded in the answer alleges a six years limitation, but the variance is not fatal.

In Camp v. Smith, 136 N. Y. 187, 203, 32 N. E. 640, 645, the Court of Appeals held that:

"The objection now made is altogether too technical. If eight years had elapsed, certainly six years had; and the allegation was ample to give the plaintiff notice of the precise defense relied upon."

The contention that the action is barred by the three years statute of limitations is, I think, amply sustained by the following authorities: Platt v. Wilmot, 193 U. S. 602, 24 Sup. Ct. 542, 48 L. Ed. 809; Seattle Bank v. Pratt (C. C.) 103 Fed. 62, affirmed 111 Fed. 841, 49 C. C. A. 662; Whitman v. Atkinson, 130 Fed. 759, 65 C. C. A. 185.

It follows that the action cannot be maintained.

The jury is, therefore, directed to find a verdict for the defendant.