## DAVIDSON et al. v. WRIGHT et ux.
### (No. 6324.)

(Court of Civil Appeals of Texas. Austin. Feb. 1, 1922.)

1. **Limitation of actions ⊚⟹28(1)—Action for overpayment one for debt barred in two years after discovery of right.**

Where plaintiffs sought only to recover the excess paid defendants on a purchase of land, there being a deficiency in the acreage conveyed, their cause of action was a debt, and, not being in writing, was barred in two years after discovery of the shortage.

2. **Limitation of actions ⊚⟹183(3)—Plea of longer statute includes shorter.**

A plea of a four years' statute of limitations includes a plea of two years' statute.

On rehearing. Denied.

For former opinion, see 233 S. W. 108.

KEY, C. J. This motion has been given careful consideration, and our conclusion is that it should be overruled.

[1] The plaintiffs did not sue for a rescission of the contract, nor did they seek any other equitable relief. Their suit was based upon the allegations that they had made a contract with the defendants for the purchase of four acres of land, to be paid for at the rate of $300 per acre, and that as a matter of fact there were only 3⁸/₁₀ acres, although they paid for four acres; and they sought to recover $210, which they paid to the defendants in excess of $300 per acre for the land actually deeded to them. It is true that they charged in the petition that the defendants represented to them that the tract of land conveyed contained four acres, but as they only sought to recover the excess which they had paid to the defendants, their cause of action was a debt, within the purview of the statute of limitation, and as the contract was not in writing, it was barred in two years after the shortage in the land was discovered, and as the suit was not brought within that period, the plea of limitation should have been sustained.

In addition to the authorities cited in our former opinion, we refer to the following cases: Elder v. First Nat. Bank, 42 S. W. 124; Sibley v. Hayes, 30 Tex. Civ. App. 61, 71 S. W. 404; Coleman v. Ebeling, 138 S. W. 199; Sowell v. Hoffman, 182 S. W. 1152; Tex. Co-op. Investment Co. v. Clark, 212 S. W. 245; McEntire v. Thomason, 210 S. W. 563.

[2] In support of our other ruling to the effect that the plea of four years' limitation included and rendered applicable the two years' statute of limitation, we refer to the following additional authorities: Morgan v. Bishop, 61 Wis. 407, 21 N. W. 263; Camp v. Smith, 136 N. Y. 187, 32 N. E. 640; Reilly v. Sabater (Sup.) 43 N. Y. Supp. 383; Ramsden v. Catley et al. (C. C.) 142 Fed. 912; Schneider v. Schneider, 118 S. W. 789.

Motion overruled.