The Auditor v. Halbert.

CASE 119—MANDAMUS—SEPTEMBER 30.

# The Auditor v. Halbert.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. A *mandamus* is a proceeding upon a liability created by statute, and is embraced in the statute of limitations.
2. A *mandamus* against the Auditor is barred by the statute of limitations.
3. The Auditor is, in a certain sense, a trustee for the state, but not for creditors of the state.

P. W. HARDIN FOR APPELLANT.

1. This is an action upon a liability created by statute, and is barred by limitation.
2. The statute provides that limitations prescribed by the chapter on that subject shall apply to actions brought by or in the name of the Commonwealth, and there is no good reason why actions against the state should not be barred likewise.

JNO. & J. W. RODMAN AND IRA JULIAN FOR APPELLEE.

1. There can be no deduction from the salary of a Commonwealth's Attorney except for neglect of official duty. (Auditor v. Cochran, 9 Bush, 10; Boyd v. Auditor, MS. Opinion.)
2. This is not "an action" for the recovery of money. It is a special proceeding to require a public officer to do his duty. (Bouvier's Law Dic., 78; 6 Penn., 9.)
3. The Auditor is a trustee for those entitled to salaries from the Commonwealth. and cannot avail himself of the statute of limitations. (2 B. Mon., 438; 1 J. J. Mar., 401; 1 Met., 498; 7 Bush, 98; Harlan v. Auditor, MS. Opinion.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

This was an application for a *mandamus* commanding the Auditor of Public Accounts to draw his warrant upon the Treasurer for the sum of eighty dollars.

The facts were these:

The appellee was elected Commonwealth's attorney for the fourteenth judicial district in August, 1868, for a term of six years. During the year 1873, without any neglect of

duty on his part, a Commonwealth's attorney *pro tempore* was appointed by the circuit court of his district, and an allowance was made to the attorney so appointed, which was certified to the Auditor and paid; and the amount so paid was deducted from the appellee's salary for that year.

In June, 1880, the appellee filed his petition in the fiscal court, praying for a *mandamus*. The Auditor pleaded the statute of limitations. The court sustained a demurrer to the answer, and awarded the writ. The Auditor has appealed.

There is no statute in this state in terms prescribing a limitation to a proceeding for *mandamus*.

The Attorney General contends that the case falls within that clause of section 2, article 3, chapter 71 of the General Statutes, which prescribes a limitation of five years to "an action upon a liability created by statute."

The counsel for the appellee contend that this statute does not apply, because—

1. The proceeding for a *mandamus* is a motion and not an action; and

2. The salaries of public officers are held by the officers of the Commonwealth as trustees.

1. The word "action" as used in the statute of limitations is not restricted in its signification to that which is technically an action, but includes all civil proceedings in courts of justice for the enforcement of legal or equitable rights, whether by action, suit, or special proceeding.

The statute applies to the cause of action—the case presented by the plaintiff—and whether a particular case is embraced by the statute is to be determined by ascertaining whether it is included in the causes of action to which the statute is made applicable; and neither the form of the pro-

·ceeding nor the name by which it may be called can have any influence on the question whether the statute applies.

Is this a proceeding upon a cause of action created by the statute?

The appellee was entitled to his salary only because the ·statute gave it to him, and it was the duty of the Auditor to draw his warrant for the salary only because the statute so declared. Both the right of the appellee and the duty of the .Auditor are created by statute. Without it neither would ·exist. It seems, therefore, to follow that this is a proceeding on a liability created by statute, and is embraced by the ·clause of the statute of limitations quoted above, unless, as ·contended, the Auditor is a trustee, and thereby precluded from pleading the statute. That he is not is quite clear. He is a trustee, in a certain sense, for the state, but certainly not for the creditors of the state. He owes them no duty ·except to pay them what they are lawfully entitled to, and is no more a trustee for them than an individual debtor is a ·trustee for his creditors.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer to the .answer.