MECHANICS' SAV. BANK v. FIDELITY INSURANCE, TRUST & SAFE-DEPOSIT CO.

(Circuit Court, E. D. Pennsylvania. January 28, 1899.)

No. 58, April Term, 1896.

CORPORATIONS—SUSPENSION OF BUSINESS—WHAT CONSTITUTES.

The Kansas statute authorizing suits by creditors of a corporation against stockholders when the corporation has suspended business for a year contemplates an absolute abandonment of the corporate business, a suspension of only a part thereof being insufficient.

This was an action at law by the Mechanics' Savings Bank, a Rhode Island corporation, against the Fidelity Insurance, Trust & Safe-Deposit Company, a Pennsylvania corporation, as administrator d. b. n. c. t. a. of the estate of John G. Reading, deceased. Reading was a stockholder in the Davidson Investment Company, a corporation organized under the laws of Kansas, and the suit was brought to enforce the stock liability of his estate under the Kansas laws. There was a verdict for defendant, but the court granted a new trial. 87 Fed. 113. The present hearing is on rules for judgment notwithstanding the verdict, and for a new trial. Discharged.

Russell Duane, for plaintiff.

Richard C. Dale, for defendant.

BUTLER, District Judge. Many interesting questions are raised by the points reserved, but as all of them, except the one relating to the statute of limitations, were passed upon by Judge Dallas on a former trial of the case [87 Fed. 113], I need consider only the one excepted. This question involves matter of fact, which the parties have submitted to the court, as well as of law.

A statute of Kansas authorizes suits by creditors of corporations of that state, against stockholders therein, under two distinct sets of circumstances—the one when corporations have suspended business for a year, and the other where executions against corporations have been returned unsatisfied; and the statutes of limitation of that state provide that "an action upon a liability created by statute other than a forfeiture or penalty" must be brought within three years of the time when the right of action accrues. [2 Gen. St. Kan. 1897, c. 95, § 12, subd. 2.] A statute of Pennsylvania, dated June 26, 1895, provides that "when a cause of action has been fully barred by the laws of the state or county in which it arose such bar shall be a complete defence to an action thereon brought in any of the courts of this commonwealth." [Laws Pa. 1895, p. 375.] The defendant alleges that the limitation of the cause of action here sued upon commenced to run prior to July, 1892, when, as the defendant asserts, the Davidson Investment Company suspended business—notwithstanding the fact that the suit is founded, not on such suspension, but on the return of an unsatisfied execution. The question of fact thus raised must first be determined. Did the company suspend business, as contemplated by the statute at the time mentioned? The only testimony on this subject is that of Mr. Fitch, a former secretary of the company.

The most that can safely be predicated upon this testimony is that the company temporarily suspended a part of its customary business prior to July, 1892, continuing other branches theretofore conducted, until a receiver was appointed, a year later, occupying and keeping open its place of business with no outward appearance of change, employing and paying its usual officers as theretofore. I do not believe that this was such a suspension of business as the statute contemplates. Such a situation does not seem to be within either the terms or the spirit of the statute, which I think contemplates an absolute abandonment of the corporate business; a situation that might be seen and understood by creditors, and therefore justly be regarded as notice to them. The case of Sterne v. Atherton [Kan. App.] 51 Pac. 791, cited by the defendant, is readily distinguished from the case before me. There the corporate business had been fully abandoned, and the only question was about the applicability of the statute to such a state of facts. In answer to the argument that it was unreasonable to hold the creditors to notice of the abandonment, the court pointed out that the circumstances brought the case within the terms of the statute, and that the argument was, therefore, one which the legislature alone could regard. This was true; the situation was unequivocal, and open to the observation of creditors, who thus had such notice as it afforded. To treat this statute as applicable to the case before me, where the business was continued as before described, and appearances were unchanged, would seem to be unreasonable and unjust. This view of the question of fact submitted, renders an examination of the several legal questions raised unnecessary.

As respects the rule entered for a new trial—on the ground' of after discovered evidence—it is sufficient to say that I am not satisfied that this evidence could not as readily have been discovered before as after the trial; and furthermore that I do not believe the facts invoked constitute a bar to the suit.

The rules for judgment notwithstanding the verdict and for a new trial, are both discharged.