## PLATT *v.* WILMOT.

### ERROR TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 167.　Argued March 2, 1904.—Decided April 4, 1904.

The provisions of § 394 of the New York Code of Civil Procedure limiting the time within which an action may be brought against a director or stockholder of a moneyed corporation or banking association to recover a penalty or forfeiture imposed, or to enforce a liability created, by the common law or by statute, extends to actions against directors and stockholders of foreign corporations.

Whether a foreign corporation is or is not a moneyed corporation within the meaning of § 394 of the New York Code of Civil Procedure will be determined for the purpose of construing the New York statute of limitations by reference to the meaning given to the term by the legislature and courts of New York rather than of the State under whose laws the corporation is organized.

Although the double liability of a stockholder of a moneyed corporation may be contractual in its nature if it is statutory in origin it is a liability created by statute within the meaning of § 394 of the New York Code of Civil Procedure.

PLAINTIFF in error brings the case here to review the judgment of the United States Circuit Court of Appeals for the

Second Circuit, which affirmed the judgment of the Circuit Court for the Northern District of New York, dismissing the plaintiff's complaint upon the merits. The action was commenced in the last named court by the service of a summons on the defendant on October 1, 1898, and was brought by the plaintiff as receiver of the Commercial National Bank of Denver, Colorado, to recover from the defendant the double liability imposed upon him as stockholder in the Western Farm Mortgage Trust Company of Lawrence, Kansas, hereinafter called the trust company.

The defendant answered the complaint and, among other things, set up the defence of the three years' statute of limitations of the State of New York.

The action was tried in the Circuit Court for the Northern District of New York without a jury, and findings of fact were made by the court upon which the conclusion of law was based that the plaintiff's cause of action was barred by section 394 of the Code of Civil Procedure of the State of New York, being the three years' statute of limitations, and that his complaint should therefore be dismissed with costs.

The court found that the bank of which plaintiff was subsequently appointed receiver had commenced an action against the trust company, and on June 3, 1893, had recovered a personal judgment against it for the sum of $4,930.72, with interest thereon from the date of the recovery of the judgment. Execution had been issued upon said judgment on August 29, 1894, and returned unsatisfied on September 7, 1894.

At the time of the rendition of the judgment and the return of the execution unsatisfied, the defendant was the holder of and has continued since that time to hold twenty shares of the capital stock of the trust company.

By the terms of its articles of association the corporate powers of the trust company were, among others, as follows:

"ARTICLE II. The purposes for which it is formed are to receive deposits of money, bonds and securities; to loan money on real estate and personal security; to negotiate loans on real

estate and other securities; to purchase and sell bonds and notes secured by mortgages and deeds of trusts on real estate; to purchase and sell municipal bonds and the bonds, assets and franchises and securities of other corporations; to issue and sell its debentures and secure the same by pledge of notes, bonds and other securities, real or personal; to guarantee the payment of principal and interest of loans by it negotiated or made and sold; to act as financial agent of any State, municipality, corporation, association, company or person; to purchase, hold, sell and convey such real estate and personal property as it may require for its use; to purchase, hold, sell and convey such real estate and personal property as may be necessary for the security or collection of claims due or owing it; to accept and execute any trust committed to it by any municipality, corporation, association, company, person or other authority."

Judgment dismissing the complaint having been entered, the plaintiff by virtue of a writ of error obtained a review of the judgment by the Circuit Court of Appeals of the Second Circuit, where it was affirmed, without any opinion, upon the authority, as stated in a memorandum by the court, of the case of *Hobbs* v. *National Bank of Commerce*, 96 Fed. Rep. 396.

The constitution and statutes of Kansas provide for the individual liability of the stockholders in a corporation to an additional amount equal to the stock owned by each stockholder, but the provision does not apply to a railroad corporation, nor to corporations for religious or charitable purposes:

*Mr. Omar Powell*, with whom *Mr. Elijah Robinson* was on the brief, for plaintiff in error:

An examination of the origin and history, and of the phraseology of the enactment will clearly demonstrate that the provisions of § 394 of the New York Code apply only to actions against directors and stockholders of corporations and associations organized under the laws of that State, and hence are not applicable to this action. See Title II, ch. 18, Rev. Stat. N. Y. of 1827; Art. IV, ch. 4, part 3, Rev. Stat. § 44; Suther-

land on Statutory Construction, § 255; § 89, ch. 4, Laws of 1848; § 109 of the Code. And see amendment of 1877 in which form it was enacted as § 394 of the Code. See also ch. 260, Laws of 1838; *Robinson* v. *Bank*, 21 N. Y. 406; ch. 226, 308, Laws of 1849; *Bostwick* v. *Brinkerhoff*, 99 N. Y. 185.

By no recognized rule of construction can there be attributed to the legislature an intention to make this section embrace actions against the directors and stockholders of foreign corporations. Endlich on Interpretation of Statutes, § 113; *United States* v. *Fisher*, 2 Cranch, 390.

Where words have been adopted by the legislature as having a certain definite meaning prior to a particular statute in which they are used, they must be construed in such statute according to the sense in which they have been theretofore used. Sutherland on Stat. Const. § 255; *The Abbottsford*, 98 U. S. 440; *County Seat of Linn County*, 15 Kansas, 379; *United States* v. *Freight Assn.*, 58 Fed. Rep. 58.

Even if the provisions of § 394 extend to actions against directors and stockholders of foreign corporations, of the class in said section designated, still it does not apply to the case at bar, because the Western Farm Mortgage Trust Company is neither a "moneyed corporation" nor a "banking association." See the New York Corporation Law, ch. 563, Laws of 1890; White on Corporations, ed. of 1902, p. 4.

This definition of moneyed corporations in the Revised Statutes continued down to 1892, ch. 687, Laws of 1892, when the phraseology was changed, and this term was defined to mean "a corporation formed under or subject to the banking or insurance law." This change of phraseology did not change the meaning of the law. It was not intended to effect a change.

This amendment was in the nature of a revision, and in such case it will be presumed that the legislature did not intend to change the law, unless the language employed is such as to clearly indicate such intention. *Dominick* v. *Michael*, 4 Sand. 374; *Douglas* v. *Douglas*, 5 Hun, 140; *Crosswell* v. *Crane*, 7 Barb. 191; *Taylor* v. *Delancey*, 2 Cain's Cases in Error, 143, 151.

Even if the provisions of § 394 are applicable to foreign corporations, and the .Western Farm Mortgage Trust Company was a moneyed corporation, within the meaning. of that term as used in said section, still plaintiff's action would not . be barred by said section, because defendant's liability, which plaintiff is seeking to enforce, was created by contract, and therefore is governed by § 382. 2 Morawitz on Corp. §§ 870, 873; Cook on Stockholders, 3d ed. 303; *Hawthorn* v. *California,* 2 Wall. 10; *Carroll* v. *Green,* 92 U. S. 509; *Flash* v. *Connecticut,* 109 U. S. 371; *Richmond* v. *Irons,* 121 U. S. 27; *Bank* v. *Hawkins,* 174 U. S. 364; *Whitman* v. ·*Bank,* 176 U. S. 559; *Howell* v. *Manglesdorf,* 33 Kansas, 194; *Plumb* v. *Bank,* 48 Kansas, 484; *Achenbach* v. *Coal Co.,* 2 Kan. App·. 357; *Corning* v. *McCollough,* 1 N. Y. 47; *Wiles* v. *Suydam,* 64 N. Y. 73; *Conant* v. *Van Schaick,* 24 Barb. 87; *Norris* v._ *Wrenchell,* 34 Maryland, 492; *Terry* v. *Colman,* 13 S. Car. 220.

And even if the provisions of § 394 apply to corporations of . other States as well as those organized under the laws of New ` York, and the Western Farm Mortgage Trust Company was a moneyed corporation, within the meaning of. that term, as used in said section, and plaintiff's action is not based on . contract, still said section does not apply to this action, because the defendant's liability was created. neither by the common law nor by any statute.

If defendant's liability was not created by his contract in becoming a stockholder in the corporation, then it was created by the provisions of the constitution of the State of Kansas. *Whitman* v. *Bank,* 176 U. S. 559.·. ,

A liability created by· a constitutional provision, does not` come within the provisions of said section 394. *Clark* v. *Water Commissioners,* 148 N. Y. 1.

There was no appearance on brief for defendant in error.

MR. JUSTICE PECKHAM, after making the above statement of facts, delivered the opinion of the court.

The only question which the plaintiff in error presents is

whether or not this action was barred by the New York three years' statute of limitations, and that depends upon whether section 382 or section 394 of the Code of Civil Procedure of that State is applicable.

Section 382 provides that actions of the following nature shall be barred within six years:

"1. An action upon a contract obligation or liability, express or implied; except a judgment or sealed instrument.

"2. An action to recover upon a liability created by statute; except a penalty or forfeiture."

Section 394, which the courts below have made applicable to plaintiff's cause of action, reads as follows:

"Sec. 394. This chapter does not affect an action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute; but such an action must be brought within three years after the cause of action has accrued."

Several objections are made by the plaintiff in error to the application of section 394 to this case. They are (1) that the section does not apply to a director or stockholder of a foreign corporation; (2) that if it be held that it does extend to actions against directors and stockholders of foreign corporations of the class designated in the section, yet it does not apply to this case, because the trust company is neither a moneyed corporation nor a banking association; (3) that the stockholders' liability in this case is one based upon contract, and is not created either by the common law or by statute.

Taking up these objections in their order, we are brought to a consideration of the one which asserts that section 394 does not apply to directors or stockholders of foreign corporations. We think it does.

A history of the legislation upon this subject in the State of New York, which finally resulted in section 394 of the Civil Code, is given in the opinion in *Hobbs* v. *National Bank of Commerce*, 96 Fed. Rep. 396, by Judge Shipman, and it is also

referred to by Judge Earl, in *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185.

The section as originally enacted was section 44, part 3, chap. 4, title 2, of the Revised Statutes, which chapter related to "Actions, and the Times of commencing them." These statutes took effect (as to the greater part) in 1830. The section in question then read as follows:

"None of the provisions of this chapter shall apply to suits against directors or stockholders of any monied corporations, to recover any penalty or forfeiture imposed, or to enforce any liability created, by the second title of the eighteenth chapter of the first part of the Revised Statutes; but all such suits shall be brought within six years after the discovery, by the aggrieved party, of the facts upon which such penalty or forfeiture attached, or by which such liability was created."

Upon the adoption of the Code of Procedure of 1848 the section became section 89 of that code. The second title of the first part of the Revised Statutes, referred to in the section, among other things, imposed liabilities upon the directors and stockholders of the moneyed corporations authorized by that title. If the statute of limitations above quoted had not been amended, it would have been limited to the liabilities mentioned in such title, and would not have included a case like this.

In 1849 section 89 of the Code of Procedure of 1848 became section 109, and read as follows:

"This title shall not affect actions against directors or stockholders of a moneyed corporation or banking association to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within six years after the discovery, by the aggrieved party, of the facts upon which the penalty or forfeiture attached or the liability was created."

The difference in the two sections is plainly seen, and consists in striking out the words as to a liability created by the Revised Statutes, and enlarging the operation of the section

.to a "liability created by law." The words "liability created by law," were held in *Brinckerhoff* v. *Bostwick*, 99 N. Y. *supra,*. to mean statutory liabilities which, as stated by Judge Earl, (page 192,) "comprehend not only liabilities created by the title and chapter of the Revised Statutes referred to, but also those created by other statutes and the constitution of 1846, (art. 8, § 7)."

In 1877 another amendment was made to the section by leaving out the words "six years after the discovery, by the aggrieved party, of the facts upon which the penalty or forfeiture attached, or the liability was created," and substituting therefor the words "three years after the cause of action accrued."

The act was further amended in 1897, and the statute (section 394) reads, after that amendment, in the way it has been quoted above, so that the action must be brought within three · years after the cause of action has accrued to enforce a liability 'created by the common law or by statute.

As to the meaning of this statute, it was held in the *Hobbs Case*, 96 Fed. Rep. *supra*, that the legislature meant to enlarge the former limitation so it should no longer be limited to liabilities created by one set of statutes or imposed upon the officers or stockholders of moneyed corporations or banking associations within the State only, but the terms of the statute were held to be so broad as to include every class of liabilities of such stockholders, whether they were stockholders of foreign or domestic corporations. The statute was held to be a totally different one from that which was originally passed, and the language evinced an intention that it should not be so limited as to apply only in favor of a New York stockholder in a domestic.corporation but that on the contrary the statute should also apply to a shareholder in a foreign corporation.

In our view this interpretation by the Circuit Court of Appeals is the correct one. We are of opinion that the amendments were not intended to continue the application of the limitation to those corporations only which were domestic and

were of the kind mentioned in the Revised Statutes, because as amended the statute used language which was inconsistent with that idea. The original reference to the liabilities of directors and stockholders under the second title of the Revised Statutes was stricken out and in place thereof language was used which clearly indicated a purpose to extend the statute to all liabilities of directors or stockholders in any corporation, foreign or domestic, which liabilities were created by common law or by statute, provided the corporation was a moneyed corporation or banking association. We can see no reason why the director or stockholder of a domestic corporation should cease to be liable in three years from the time the cause of action accrued, while if he were a director or stockholder of a foreign corporation his liability should still last for six years, upon a suit commenced in New York.

It is not the case of a state legislature assuming to regulate foreign corporations, and no such attempt has been made. The substance of the legislation is that when suits are brought in the State of New York to enforce therein the liabilities of directors or stockholders, the statute of limitation enacted by the legislature of that State in regard to directors or stockholders of domestic corporations shall also apply to directors or stockholders of foreign corporations. This is what the legislature has done and this is what it had the right to do.

The Federal courts, sitting in the State, will, in cases brought therein, enforce the state statute of limitations in actions of this nature.

This view of the statute is not affected by reason of the language of the Revised Corporation Law of New York, chap. 563 of the laws of 1890. That act is, by its terms, confined to corporations under the laws of New York, but sec. 394 of the Code is a different statute, and, as has been seen, refers to any corporation, foreign or domestic, which may be a moneyed corporation or banking association within the meaning of the law of New York.

The next objection is, that even if the statute referred to

foreign as well as domestic corporations, yet the trust company is not a moneyed corporation within the meaning of the section in question. What is meant by the term "moneyed corporation," in section 394, is shown by the definition of that term given in 1 Rev. Stat. 598, sec. 51, where it is said: "Section 51. The term 'moneyed corporation,' as used in this title, shall be construed to mean every corporation having banking powers, or having the power to make loans upon pledges or deposits, or authorized by law to make insurances."

Although this definition refers to the meaning of the term "moneyed corporation," as used in that title of the Revised Statutes, we think it is plain that the same term used in section 394 of the Code means the same thing as defined in section 51. The legislature used a term which was well known in the legislation of New York and for a long period of years a definite meaning had been given to it in that legislation, and when speaking of limitations of actions in regard to moneyed corporations nothing would be more natural than to assume that the term when thus used should have the same meaning applied to it as had been defined by the legislature when enacting legislation in regard to moneyed corporations. This legislation does not assume to enact what shall be "moneyed corporations," in other States, but its effect is that when actions are brought in the State of New York and the question arises whether a foreign corporation is or is not a moneyed corporation, that question will be solved in such a case as this for the purpose of construing the statute of limitations of the State, by reference to the meaning given to the term by the legislature or courts of New York, rather than by reference to the legislation of another State under which the corporation may have been formed. The question is not what the corporation is, under the legislation of that other State, but whether what it is doing is of that description provided for and designated by the legislation of the State of New York, and if by that legislation it comes within the description of a "moneyed corporation," it must abide thereby so far as re-

gards the statute of limitations of New York and the proper construction to be given it.

Now by reference to the powers granted to the trust company it will be seen that it had power "to receive deposits of money, bonds and securities; to loan money on real estate and personal security; . . ." etc. The powers granted to the trust company bring it distinctly within the definition of the term "moneyed corporation" as used in section 394 of the Code of New York. It had power to loan money not only on real estate but on personal security, and the statute of New York said any corporation having the power to make loans upon pledges or deposits was a moneyed corporation within the meaning of the act.

Again, referring to the Revised Corporation Act of New York of 1890, a moneyed corporation is therein stated to be one formed under or subject to the banking or the insurance law. If a foreign corporation have powers or some of them, which are given a banking association under the law of New York, that foreign corporation is, under the circumstances of this case, a moneyed corporation or banking association within the meaning of the New York statute of limitations now under discussion. This corporation has at least some of those powers, and we think comes within the definition of a banking association, although it also has other powers.

The third objection is that the liability of the stockholder in this case is not created by the common law or by statute, but is contractual in its nature, and is, therefore, governed by section 382, (the material portion of which has already been set forth,) instead of section 394 of the code.

The case of *Whitman* v. *Oxford National Bank*, 176 U. S. 559, is cited to show that the double liability of the stockholder under the Kansas constitution and statutes is of a contractual nature, and, therefore, not within section 394, because it is not a liability created by common law or by statute. In the *Whitman* case it was held that this liability, though statutory in origin, was contractual in its nature; or, in other words, the

stockholder when he subscribed for or purchased his stock entered into a contract authorized by statute. In that case it was also held that the constitutional provision did not stand alone, but that the legislature of Kansas had also acted on the subject matter, and that the constitution and the statutes were to be taken together as making one body of law, and that, therefore, it would serve no good purpose to inquire what rights or remedies a creditor of a corporation might have or what liabilities would rest upon a stockholder if either constitution or statutes stood alone and unaided by the other.

We think, within the meaning of section 394, this liability was created by statute, as it was by virtue of the statutes that the contractual liability arose. The language of the section plainly includes this case. It is a liability created by the statute, because the statute is the foundation for the implied contract arising from the purchase of or subscription for the stock, the contract being that the holder of the stock shall be liable in accordance with the terms of the statute.

Also, while the liability is contractual in its nature, it arises out of the constitution or the statute, or from a combination of both, by virtue of the application of general principles of law to the facts in the case. Neither the constitution nor the statute says that the liability is contractual, but, as the constitution and statute existed, the liability arising therefrom, as against the stockholder, is because of the principle of law which works out a contractual liability upon these facts, and it may be fitly described as the common law.

We think the judgment of the Circuit Court of Appeals is right, and it is

*Affirmed.*