9934

GRICE *ET AL.* v. ANDERSON *ET AL.*

(96 S. E. 22.)

1. CORPORATIONS—POWERS OF DIRECTORS—RATIFICATION.—Where directors of corporation voted to suspend payments on the capital stock, and immediately mailed letters containing notice of such action to stockholders, the presumption of fact being that the letters were received, and the stockholders having failed to object, the action of the directors was ratified.

2. LIMITATION OF ACTIONS—SUBSCRIPTIONS ON CORPORATE STOCK.—Where directors voted to suspend payments on corporate stock, a cause of action in favor of the corporation did not accrue for the balance due until the stockholders ignored a demand made at a later date, within the period of two years, and the action was not barred.

3. LIMITATION OF ACTIONS—SUBSCRIPTIONS ON CORPORATE STOCK.—Where installments on subscriptions to stock in amount of $1 a month per

share were suspended by directors, and suspension ratified by stockholders, and receiver thereafter made demand for balance unpaid, which was ignored, that a call was made for more than $1 a month per share would not affect issue of accrual of cause of action.

4. CORPORATIONS — SUBSCRIPTIONS ON CORPORATE STOCK — "MONEYED CORPORATION"—EXEMPTION FROM LIMITATIONS.—In view of Const., art. IX, sec. 18, and Civ. Code 1912, sec. 2784, making stockholders of insolvent corporation individually liable to creditors to the amount remaining due on the stock, and Code Civ. Proc. 1912, sec. 156, exempting from the limitation statutes actions against stockholders of a moneyed corporation to enforce a liability created by law, a suit for installments yet due on stock of a corporation organized to buy and sell real estate, bonds, and other security, to borrow money and create loans, was not barred; such corporation being a moneyed corporation, since a "moneyed" corporation is any corporation organized with the intention to accumulate wealth.

Before BOWMAN, J., Charleston, Spring term, 1917. Reversed and remanded.

Action by E. P. Grice and Arthur R. Young, as receivers of the Security Real Estate & Investment Company, against S. Pickens Anderson, as administrator of the estate of R. M. Anderson, deceased, and others. From the judgment rendered, plaintiffs appeal.

Code Civ. Proc. 1912, sec. 156, referred to in the opinion, is a part of the title "Time of Commencing Actions," and is as follows:

"This title shall not affect actions against directors or stockholders of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within six years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created, unless otherwise provided in the law under which such corporation is organized."

*Mitchell & Smith* and *Miller, Bissell & Miller,* for appellants, cite: *As to whether or not the action is barred by the*

*statute of limitations:* S. C. Const. of 1895, art. IX, sec. 18 and sec. 2784, vol. I of the Code of Laws of 1912; vol I. Code of Laws 1912, sec. 2837; 131 U. S. 319; 135 U. S. 533; 101 U. S. 205, 214; 20 Fed. Rep. 674, 681; 103 U. S. 498; Const. 1895, art. IX, sec. 18 and sec. 2784 of the Code of Laws 1912; A. A. 1905 Stats., vol. XXIV, p. 842; 6 Rich. Eq. 227; Stats. 1880, vol. XVII, p. 284 as amended on p. 578 and by A. A. 1883, p. 471, and A. A. 1885, p. 76; Am. and Eng. Encyc. of Law, vol. 19, p. 146; Wood on Limitation of Actions, p. 2; 33 S. C. 28 (p. 34); 18 S. C. 473, 481, 485; 16 S. C. 216, 217; 85 Ala. 401; 5 South 120; 48 Minn. 174; 50 N. W. 1117; 31 Am. St. Rep. 637; 15 L. R. A. 740; 24 Mo. App. 378; 15 Wkly. Law Bul. 164; 49 Ohio St. 438; 33 N. E. 233; 208 Ill. 544; 70 N. E. 725; 113 Ill. App. 322; 41 Wash. 663; 84 Pac. 598; 90 N. W. 1086; 116 Wis. 155; 61 L. R. A. 918; 96 Am. St. Rep. 948; modified on rehearing (1903); 94 N. W. 171; 116 Wis. 155; 61 L. R. A. 1918; 99 Am. St. Rep. 948; 24 S. W. 1082; 46 P. Super. Ct. 40; 216 Mass. 105; 103 N. E. 288; 53 S. C. 583; 27 S. C. Eq. (6 Rich. Eq.) 227; 10 S. C. 263, 267; Code of Procedure, sec. 156; 27 Cyc. 823; 4 N. Y. 442; 193 U. S. 602; 101 Fed. 75; Fed. Cases No. 47; 103 Fed. 735; 108 Pac. 791; 80 S. W. 544, 533 (Tex.).

*Messrs. Nathans & Sinkler, Geo. H. Moffett* and *Ficken & Erkmann,* for respondents, submit: *The sole question in this case is whether the liability of defendant stockholders for unpaid portions of their subscription to the capital stock is barred by the statute of limitations:* Code of Procedure, secs. 137-157; 27 S. C. Equity 222; 10 S. C. 263; Cook on Corporations (6th Ed.), sec. 195; 10 Cyc. 763; S. C. Code of Laws, vol. I, sec. 2784; 10 Cyc. 355; Boone on Corporations, sec. 57; Const. 1895, art. IX, sec. 18.

March 21, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Appeal from a formal order of the Circuit Court, which reversed a report of the master on an issue of law.

There are four exceptions, but there is but one question to be decided, and it is an application of the statute of limitations to the facts of the case. The facts are these:

There was organized at Charleston in 1897 the "Security Real Estate & Investment Company;" the "general purpose of the corporation and the nature of business it proposed to do was to buy, sell, mortgage and improve real estate, deal in negotiable paper, bonds, stocks and other securities;" the capital stock was to be $100,000, divided into 1,000 shares of the par value of $100 each, "payable in monthly installments of $1 per share;" a by-law of the company provided that "the first installment to be paid by the subscribers upon the organization of the company, and the remaining installments to the treasurer of the company on or before the 15th day of each and every month." When as much as $75 per share had thus been paid on the capital stock, the directors in order to save taxes on a large capital stock resolved on March 26, 1903, as follows:

"That for the present, and until future written notice to stockholders, monthly dues from stockholders be postponed.

"That the secretary of this company be requested to notify stockholders by letter that after March dues have been paid, further monthly dues will be postponed until notice of the resumption of the same from the secretary has been received by them."

Thereafter no further payments were made on the capital stock, and the other 25 per cent. is yet due to be paid, unless bared by statute. The company subsequently went into receiver's hands, and the receiver was demanding the payment of the 25 per cent. of capital stock in order to pay the

company's creditors. The board of directors met on July 28, 1913, more than ten years after their action first above reported, and resolved as follows:

"That board of directors call for the unpaid subscriptions to the capital stock of this company, payable as follows: In five (5) equal consecutive installments of five per cent. each. The first installment payable on or before the 15th day of August, 1913, and the 15th day of each month thereafter, until paid in full.

"That the acting secretary and treasurer notify each and every stockholder by August 1st of the action of the board."

On the same day, July 28, 1913, the stockholders met, and resolved as follows:

"That the unpaid subscription of the capital stock of this company be called for by the acting secretary and treasurer and paid in five equal monthly installments; the first of which to be paid on the 15th day of August, 1913, and the 15th day of each month thereafter until paid in full."

The defendant stockholders refused payment, and when sued by the receivers for the unpaid 25 per cent. of their subscription they pleaded the bar of the statute, and that is the present and only issue to be decided. The appellants have suggested many reasons why the action is not barred, but if there be one good reason, that is sufficient. The respondents suggest that if the corporation is barred to sue, then the creditors are likewise barred. They rely on *S. C. Mfg. Co. v. Bank,* 6 Rich. Eq. 227. So we direct inquiry first to that issue, Is the corporation barred? The respondents conceded at the hearing that if the directors had the power to pass the resolution suspending payments, then the statute has no application to the present circumstances.

It will, we doubt not, be conceded that the directors will be deemed to have had such authority if the stockholders after the directors' action was made known to them ratified the same, and upon the principle that a subsequent ratification is equal to a previous command. It is manifest from the circumstances that the stokholders did ratify the action of the directors.

The proof is clear that immediate written notice of the directors' action was sent to the stockholders by letter; so much is not denied. The presumption of fact is that the letters were received by the stockholders (they did not deny it), and that the recipients acquiesced in that which the letters advised them of, for all payments on stock immediately ceased. Such concert of action proceeded from a common mind, produced by a common cause. The master thus found the facts, and the Court had not found them to be contrary, and could not. *Porter v. Stricker,* 44 S. C. 194, 21 S. E. 635. So that issue is concluded against the respondents, and the case stands as if the stockholders themselves suspended payments on stock on July 28, 1913.

Applying the law to these facts, a cause of action did not then accrue to the corporation against the stockholders for the failure to pay another installment on the stock dues until the call of July 28, 1913, was made and ignored, and that was within two years before action was brought. The circumstances that the call of July 28, 1913, was for more than $1 on the shares per month cannot affect the present issue.

But this action is not by the corporation against a stockholder; it is in essence and in name plainly by the very words of the statute, one by the creditors of the company against the stockholders upon a liability created by law from the stockholders to creditors of the corporation. The statute declares: "The stockholders of all insolvent corporations shall be individually liable to the creditors

thereof * * * to the extent of the amount remaining due to the corporation upon the stock owned by them."

There is no room to construe this language; it is definite. Const., art. IX, sec. 18; Code of Laws, sec. 2784. The case of *Manufacturing Co. v. Bank,* 6 Rich. Eq. 227, cited by the respondent to show that the plaintiff stands in the corporation's shoes, has, therefore, relevancy to the present issue.

The respondents admitted at the hearing that if section 156 of the Code of Procedure is applicable to the instant case, then the plaintiff's action is not barred. And they now say that section is not applicable because the instant corporation is not "moneyed" within the meaning of the words of that section. They cite no authority for that contention, and we are of opinion that it is not sound. Let section 156 be reported.

The word "moneyed" used by the statute is not technical, and it is generic rather than specific. Neither the Constitution nor the statutes, so far as we can ascertain, have defined "moneyed corporation," or have used it, save in sections 155 and 156 of the Code of Procedure. Resort must be had, therefore, to the English dictionary to ascertain the meaning of the word "moneyed." "Money," in its restricted sense, means a piece of metal stamped and issued by the State as a medium of exchange; in its wider sense, the word means "wealth." Webster's Dictionary. A corporation organized with intention to accumulate wealth is, therefore, a moneyed corporation. See *State v. Chance,* 82 Kan. 392, 108 Pac. 791, 20 Ann. Cas. 134; 3 Words and Phrases 431; Black's Law Dict. 275. Manifestly section 156 of the Code of Procedure, section 2784 of the Code of Laws, and sections 8 and 18 of article IX of the Constitution, must be construed together; they relate to the same subject, to wit, the liability created by law of a stockholder in a corporation to the corporation's creditors. The Con-

stitution and the statutes create the liability; the Code of Procedure suggests the method by which to enforce it.

It is apparent that section 156 was enacted primarily to preserve to creditors of corporations their actions against stockholders of all corporations wherein a liability of stockholders was created by law, until the discovery by the creditor of the facts upon which the liability was created. It is the same as if the section read thus:

This title shall not affect actions to recover a liability created by law against * * * stockholders of (such) moneyed corporations as are burdened with a statutory liability.

The qualifying words were not so much "moneyed corporations," but first, corporations where the stockholder was made liable by law to creditors of the corporation, and, second, such corporations of a moneyed character as distinguished from these corporations not organized for profit.

The respondents suggest that the debtors are not bound except by a new promise in writing. Section 157, Code of Procedure. But section 156, by the initial words of it, declares that section 157 and the whole title as to the time of commencing actions shall not affect an action against stockholders on a liability created by law. See *Hawkins v. Glenn,* 131 U. S. 332, 9 Sup. Ct. 739, 33 L. Ed. 184. But more than this, upon a consideration of the testimony it is plain that the instant corporation was of a moneyed character, within a restricted meaning of the words of the statute. By the constitution and by-laws of the company its object is thus stated:

"Its object shall be to buy and sell real estate, bonds, stocks and other securities, to borrow money and create loans, for the purpose of advancing on buildings and lands, and other securities, and for such other purposes and objects as may promote the interest of the company."

And by its charter the company's business was defined thus:

"The general purpose of the corporation, and the nature of business it proposes to do, is to buy, sell, mortgage and improve real estate, deal in negotiable paper, bonds, stocks and all other securities."

If a corporation shall make it a business to lend money, to borrow money, to deal in negotiable paper, bonds, stocks and other securities, it is a moneyed corporation. See *Platt v. Wilmont,* 103 U. S. 602, 24 Sup. Ct. 542, 48 L. Ed. 809. If, moreover, attention be directed to the very words of section 156, it will be observed that it refers to moneyed corporations or banking associations, and the preposition "or" was manifestly intended to be conjunctive, rather than disjunctive; so that the section has reference to other moneyed corporations than banks, for banks are confessedly moneyed corporations. The decision of these issues concludes the case against the respondents.

Our judgment is, that the order of the Circuit Court be reversed, and the cause be remanded to that Court for such other procedure as shall be necessary to carry out the views we have expressed.