ANDERSON v. ANDREWS et al.

No. 9665.

District Court, E. D. Pennsylvania.

Aug. 3, 1945.

As Amended Nov. 15, 1945.

706

Vincent C. Veldorale and Joseph Marinelli, both of Philadelphia, Pa., and Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, for plaintiff.

David Kerr, Harold Evans, of MacCoy, Brittain, Evans & Lewis, and John Wintersteen, of Ballard, Spahr, Andress & Ingersoll, all of Philadelphia, Pa., for defendants.

BARD, District Judge.

Defendants seek dismissal of the complaint under Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. following section 723c, because the complaint was not filed within the time prescribed by the applicable statute of limitations. The suit was brought by the Receiver of The National Bank of Kentucky to recover an assessment made by the Comptroller of the Currency under the provisions of Section 12 of the National Bank Act[1] and Section 23 of the Federal Reserve Act.[2]

The facts, insofar as they are pertinent hereto, are as follows:

The National Bank of Kentucky, domiciled at Louisville, Kentucky, a national banking association organized under the laws of the United States of America, failed November 15, 1930. On November 17, 1930 the Comptroller of the Currency of the United States appointed a receiver for the bank pursuant to the power and authority vested in him by law. On February 20, 1931 the Comptroller of the Currency levied an assessment upon the shareholders of the bank of $4,000,000, representing the par value of the 40,000 shares of stock outstanding, payable on or before April 1, 1931 at the office of the receiver in Louisville, and directed the receiver to take all steps necessary to enforce the liability of the shareholders. Practically all of the stock was controlled by the BancoKentucky Company, a holding corporation organized under the laws of the State of Delaware under a complicated investment and reorganization plan, the details of which are not pertinent to this opinion. On March 20, 1931 the receiver notified the stockholders of the BancoKentucky Company of the assessment, of a demand for payment which had been made upon the receiver of the BancoKentucky Company, and of the receiver's intention to proceed against them to the extent of any portion of the assessment not paid by the BancoKentucky Company.

[1] Rev.Stat. § 5151, 12 U.S.C.A. § 63.

[2] Act of December 23, 1913, c. 6, § 23, 38 Stat. 273, 12 U.S.C.A. § 64.

In October 1931 the receiver sued Banco-Kentucky Company on the assessment as holder of substantially all the bank shares and obtained a judgment which was affirmed on appeal. Laurent v. Anderson, 6 Cir., 70 F.2d 819. About $90,000 was paid on that judgment. In February 1936 the receiver brought an action in the United States District Court for the Western District of Kentucky against stockholders of the BancoKentucky Company who were residents of Kentucky to recover a proportionate share of the assessment from them. On review, the Supreme Court of the United States held that the Banco-Kentucky stockholders were liable on the assessment and remanded the cause to the District Court for appropriate action. Anderson v. Abbott, 321 U.S. 349, 64 S.Ct. 531, 88 L.Ed. 793, 151 A.L.R. 1146, rehearing denied, 321 U.S. 804, 64 S.Ct. 845, 88 L.Ed. 1090.

This case, instituted February 18, 1937, is a similar suit against BancoKentucky shareholders residing in Pennsylvania. The defendants move to dismiss the complaint for failure to bring the suit within the time prescribed by the applicable statute of limitations.

Two questions must be answered: (1) When did the cause of action arise; (2) What is the applicable statute of limitations?

Before discussing these questions specifically a few relevant principles of law should be adverted to.

■■ The liability of a shareholder of an insolvent national bank for an assessment equal to the par value of his stock is contractual in nature. Chisholm v. Gilmer, Receiver, 299 U.S. 99, 57 S.Ct. 65, 81 L.Ed. 63; Brown v. O'Keefe, Receiver, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827; Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163. Although the liability finds its origin in a statute, the statute is considered to impose a contractual clause in every subscription or purchase of stock. By his purchase the stockholder agrees that he shall be liable for an assessment in accordance with the terms of the statute, Platt v. Wilmot, 193 U.S. 602, 24 S.Ct. 542, 48 L.Ed. 809, and assumes whatever conditions or burdens the statutes have imposed as incident to the holding of national bank shares.

■■ Ordinarily an action to enforce contractual liability is brought on the law side of the court. However, because plaintiff here seeks an accounting and other equitable relief, this action is within the equity jurisdiction of the court, but the right which is the basis of the suit remains a legal right. Since equity merely affords plaintiff a means of enforcing his legal claim, the jurisdiction of equity is concurrent with that of law. In this situation the period within which suit may be brought is determined by the statute of limitations applicable to the legal right and not by the doctrine of laches. Russell v. Todd, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754; Overfield v. Pennroad Corporation, 3 Cir., 146 F.2d 889.

■ 1. *Date when the cause of action accrued and the statute of limitations began to run.* The federal statutes impose an obligation, contingent upon an assessment by the Comptroller of the Currency, upon every holder of national bank shares to pay an amount equal to the par value of the shares. This contingent obligation becomes an absolute liability upon proclamation of the assessment. Although the order of assessment removes the contingency, it does not give rise to a cause of action. Reich v. Van Dyke, 3 Cir., 107 F.2d 682; Strasburger v. Schram, 68 App. D.C. 87, 93 F.2d 246. The receiver cannot bring an action to recover the assessment until the date when the assessment is to be paid arrives and the shareholder fails to tender payment. It is this failure to pay the assessment on the date fixed that creates the cause of action and it is on this date that the statute of limitations begins to run. Pufahl, Receiver v. Parks' Estate, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133; McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437; Hawkins v. Glenn, 131 U.S. 319, 9 S.Ct. 739, 33 L.Ed. 184; Glenn v. Marbury, 145 U.S. 499, 12 S.Ct. 914, 36 L.Ed. 790. Therefore, although the order of assessment was made February 20, 1931, plaintiff's cause of action did not accrue until April 1, 1931, the date upon which payment was due, and computation of limitation of actions must begin on that date.

■ 2. *The applicable statute of limitations.* The law of the forum governs so far as the limitation of actions is concerned. In the absence of a federal statute limiting the time in which to bring an action to enforce the liability of national bank stockholders, the state statutes of

limitations are applicable.[3] Although this right of action is based on a federal statute, it may be enforced only in conformity to the law of the forum. Rawlings, Receiver v. Ray, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605; Pufahl, Receiver v. Parks' Estate, supra; McClaine v. Rankin, 197 U. S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann. Cas. 500; Reich v. Van Dyke, supra.

In Pennsylvania the statute of limitations ordinarily applicable to actions founded upon a contract[4] requires that a suit be brought within a period of six years. This complaint was filed February 18, 1937, within the six year period. However, defendant contends that the applicable statute of limitations is the Act of June 26, 1895, P.L. 375, § 1, 12 P.S. § 39, a "borrowing" statute, which reverses the general rule of conflict of laws that an action not barred by the law of the forum can be maintained though it is barred in the state where it arose. The statute reads as follows: "When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth."

▮ Defendants urge that the cause of action arose in Kentucky and that since the Kentucky statute of limitations bars actions upon contracts not commenced within five years after the cause of action accrued[5], the five year Kentucky period is made applicable in this case by the Pennsylvania statute of 1895. The Kentucky statute applies to all actions in law or equity, Auditor v. Halbert, 78 Ky. 577; Hargis v. Sewell's Adm'r, 87 Ky. 63, 7 S. W. 557, and is controlling in a suit brought in Kentucky to recover the statutory assessment against national bank shareholders. Anderson v. Abbott, D.C.W.D.Ky., 23 F. Supp. 265. The ultimate issue thus becomes clearly defined. If plaintiff's cause of action arose in Kentucky, the five year Kentucky limitation, borrowed by the Pennsylvania Act of June 26, 1895, is controlling and the action must be dismissed. Mister v. Burkholder, 56 Pa.Super. 517; Bluefields S. S. Co., Ltd., v. United Fruit Co., 3 Cir., 243 F. 1, writ of error dismissed, 248 U.S. 595, 39 S.Ct. 136, 63 L.Ed. 438; see Mechanics Sav. Bank v. Fidelity Ins. Trust & Safe-Deposit Co., D.C.E.D.Pa., 91 F. 456.

▮ A cause of action requires the existence of two basic elements—a primary right belonging to the plaintiff, and a wrong done by the defendant which is a breach of plaintiff's right resulting in damage. In re Shaffer's Estate, 228 Pa. 36, 76 A. 716. Where the cause of action is based upon a contract plaintiff must establish the existence of contractual rights between the parties and the defendant's performance of an act or failure to act which constitutes a breach thereof. Pond Creek Mill & Elevator Co. v. Clark, 7 Cir., 270 F. 482. The place where the breach occurs is the place where the cause of action arises. Baltimore & O. R. Co. v. Reed, 6 Cir., 223 F. 689. When the act or failure to act occurred which created the cause of action, the place where it occurred was the place of the breach and hence the place where the cause of action arose. The failure to act on April 1, 1931, which constituted the breach of contract and created the present cause of action, was defendants' failure to tender payment, as directed, to the receiver at his office in Louisville, Kentucky. Applying the legal principles set forth above, I must hold that the cause of action arose in the State of Kentucky, the place of performance of the contract. Auglaize Box Board Co. v. Kansas City Fiber Box Co., 6 Cir., 35 F.2d 822, certiorari denied, 281 U.S. 730, 50 S.Ct. 247, 74 L.Ed. 1147. Plaintiff's contention that the cause of action arose in the United States and not in the State of Kentucky is based upon the fallacious assumption that the cause of action arose when the Comptroller of the Currency made the order of assessment and not upon defendants' failure to tender payment at the proper time and place.

▮ Since the cause of action has been fully barred by the limitation laws of Kentucky, the state in which it arose, the Pennsylvania "borrowing" statute makes the Kentucky statute of limitations operative as the applicable limitation law of the forum.

▮ The Pennsylvania Act of June 26,

---

[3] 28 U.S.C.A. § 725.

[4] Act of March 27, 1713, 12 P.S. § 31.

[5] General Statutes Chap. 71, Art. III, Sec. 2, Kentucky Revised Statutes, Baldwin's 1943 Revision, Chap. 413, Sec. 413.-120. This Kentucky statute of limitations bars actions upon contracts not in writing or actions upon liability created by statute not commenced within five years after the cause of action accrued.

1895, borrows the Kentucky limitation statute which becomes the limitation law of the forum for the purposes of this case, and requires that plaintiff's remedial rights against defendants be controlled by the five year limitation period of Kentucky. The cause of action accrued in Kentucky on April 1, 1931 and was barred by the Kentucky five year statute of limitations on April 1, 1936. Since this action was brought 323 days thereafter, it is barred by virtue of the Pennsylvania Act of June 26, 1895.

The complaint must be dismissed.