**DIVISION OF LABOR STANDARDS, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, STATE of MISSOURI, Appellant,**

v.

**WALTON CONSTRUCTION MANAGEMENT COMPANY, INC. and Quick Electric, Inc., Respondents.**

**No. WD 55531.**

Missouri Court of Appeals, Western District.

Nov. 17, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1998.

Application for Transfer Denied Feb. 23, 1999.

---

**2.** The court did not note *which* statute. The sections pertaining to refusal of chemical tests are §§ 577.033 and 577.041.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael Pritchett, David Meyer, Asst. Attys. Gen., Jefferson City, for appellant.

A. Wayne Dillard, Kansas City, MO, for respondent Walton Construction Management Co., Inc.

Larry M. Schumaker, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, for respondent Qurck Electric, Inc.

Before ULRICH, P.J., and SMART, J. and EDWIN H. SMITH, J.

ULRICH, Presiding Judge.

The Division of Labor Standards, Department of Labor and Industrial Relations, State of Missouri (State) appeals the trial court's dismissal with prejudice of its claim against Walton Construction Management Company, Inc. and Quick Electric, Inc. (Respondents). The State sought penalties against Respondents for violation of the Prevailing Wage Law, sections 290.210 to 290.340,[1] in connection with construction work performed by Respondents on a new junior high school in Lee's Summit. The trial court dismissed the State's petition based on the running of the two year statute of limitations, section 516.390. The judgment of the trial court is affirmed.

Walton Construction Management Company, Inc. was awarded the contract for the construction of a new junior high school in Lee's Summit School District. Walton Construction subsequently subcontracted the electric work on the project to Quick Electric, Inc. Because the project was a public works project, the contracts contained stipulations that a wage of no less than the prevailing hourly rate must be paid to all workmen on the project pursuant to the Prevailing Wage Law, sections 290.210 to 290.340.

On September 14 and 24, 1993, the State notified Quick Electric by letter that it had violated the Prevailing Wage Law due to its failure to pay workers the required prevailing wages and that, as a result, it owed the contracting public body, the Lee's Summit

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

School District, penalties totaling $16,540. On May 2, 1997, the State filed its petition against Respondents seeking declaratory judgment and penalties for violation of the Prevailing Wage Law. Respondents filed motions to dismiss asserting that the State's action was time-barred by section 516.390 which provides a two year statute of limitations period with respect to penalty actions brought by or in behalf of the State. The State responded claiming that the six year statute of limitations of section 516.420 was applicable in this case. The trial court agreed with Respondents and dismissed the petition on the ground that it was barred by the two year statute of limitations of section 516.390. This appeal followed.

 On appeal, the State claims that the trial court erred in dismissing its petition against Respondents based on section 516.390. It contends that the applicable statute of limitations in this case was section 516.420.

 In reviewing the dismissal of a petition, all properly alleged facts are accepted as true, and the pleading is given its broadest intendment. *Lehnig v. Bornhop*, 859 S.W.2d 271, 272 (Mo.App. E.D.1993). For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleading. *Id.*

In this case, the trial court dismissed the State's claim for penalties against Respondents, applying the two year statute of limitations of section 516.390. Section 516.390 provides:

If the penalty is given in whole or in part to the state, or to any county or city, or to the treasury thereof, a suit therefor may be commenced, by or in behalf of the state, county or city, at any time within two years after the commission of the offense, and not after.

§ 516.390. The State claims, however, that section 516.420, the six year statute of limitations for claims for penalties against moneyed corporations, was the applicable statute of limitations in this case. Section 516.420 provides:

None of the provisions of sections 516.380 to 516.420 shall apply to suits against moneyed corporations or against the directors or stockholders thereof, to recover any penalty or forfeiture imposed, or to enforce any liability created by the act of incorporation or any other law; but all such suits shall be brought within six years after the discovery by the aggrieved party of the facts upon which such penalty or forfeiture attached, or by which such liability was created.

§ 516.420. The State asserts that in Missouri, moneyed corporations are any for-profit corporations, and, thus, its suit against Respondents, for-profit contractors, was subject to the time limitations of section 516.420. Conversely, Respondents contend that because the term "moneyed corporation," is not defined by Missouri statute or case law, the definition used by New York, the state from which section 516.420 was borrowed, is controlling.

Section 516.420 first appeared in the 1865 General Statutes of Missouri as chapter 190, section 10. It provided:

None of the provisions of this chapter shall apply to suits against moneyed corporations, or against the directors or stockholders thereof, to recover any penalty or forfeiture imposed, or to enforce any liability created by the act of incorporation, or any other law; but all such suits shall be brought within six years after the discovery, by the aggrieved party, of the facts upon which such penalty or forfeiture attached or by which such liability was created.

Mo. Gen.Stat. Ch. 190, § 10 (1865). This provision was virtually identical to section 44, part 3, chapter 4, title 2 of the Revised Statutes of New York, which was enacted in 1830. The New York statute provided:

None of the provisions of this chapter shall apply to suits against directors or stockholders of any moneyed corporations to recover any penalty or forfeiture imposed or to enforce any liability created by the second title of the eighteenth chapter of the first part of the Revised Statutes; but all such suits shall be brought within six years after the discovery, by the aggrieved

party, of the facts upon which such penalty or forfeiture attached or by which such liability was created.

*Platt v. Wilmot,* 193 U.S. 602, 608, 24 S.Ct. 542, 48 L.Ed. 809 (1904). The second title of the chapter of the Revised Statutes referred to in the provision imposed liabilities upon the directors and stockholders of the moneyed corporations authorized by the chapter. *Hobbs v. National Bank of Commerce,* 96 F. 396, 398–399 (2d Cir.1899). Following the adoption of the Code of Procedure in New York in 1848, section 44, part 3, chapter 4, title 2 became section 89 of the Code. *Platt,* 193 U.S. at 608, 24 S.Ct. 542. In 1849, section 89 of the Code of Procedure of 1848 was amended and became section 109. *Id.* Section 109, which was in effect when chapter 190, section 10 was adopted in Missouri, provided:

This title shall not affect actions against directors or stockholders of a moneyed corporation or banking associations to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within six years after the discovery, by the aggrieved party, of the facts upon which the penalty or forfeiture attached, of the liability was created.

*Id.* The 1849 amendment of the New York statute enlarged the operation of the section by omitting the words regarding liability created by the Revised Statutes and adding the words "liability created by law," *Id.* at 609, 24 S.Ct. 542, and by making the provision applicable to banking associations, to which the provisions of the "second title," which had been referred to in the preceding statute, did not apply. *Hobbs,* 96 F. at 399.

Comparison of section 109 of the Code of Procedure of New York and chapter 190, section 10 of the General Statutes of Missouri reveals that the language of the two provisions was nearly identical. The differences that did exist between the statutes were due only to the evolution of the New York statute from 1830 to 1849 to enlarge the scope of the statute. Such consistency between the statutes, therefore, supports Respondents' contention that the Missouri six year statute of limitations for actions against

moneyed corporations was borrowed from the New York statute. *State ex rel. Philipp Transit Lines, Inc. v. Public Serv. Comm'n,* 552 S.W.2d 696, 699 (Mo. banc 1977). As a borrowed statute, chapter 190, section 10 is presumed to have been enacted with the interpretations placed upon the New York statute by the courts of New York. *Id.* at 700; *Gilroy–Sims & Assoc. v. Downtown St. Louis Bus. Dist.,* 729 S.W.2d 504, 508 (Mo. App. E.D.1987).

It is a rule of law that when a statute is borrowed from another state the decisions of the state from which the statute is borrowed, interpreting such statute, are borrowed also. For it is presumed that the legislature adopting the statute of a sister state knew of the interpretation placed upon the statute by the courts of such sister state, and intended that a like interpretation should be put upon the statute after it became a part of the laws of the adopting state.

*Philipp Transit Lines,* 552 S.W.2d at 700 (quoting *Burnside v. Wand,* 170 Mo. 531, 71 S.W. 337, 350 (Mo. banc 1902)). Thus, in construing the term "moneyed corporation" within chapter 190, section 10 and its successor, section 516.420, recourse to New York law is appropriate.

In 1851, the highest court of the state of New York decided the case, *Mutual Ins. Co. of Buffalo v. Board of Supervisors of Erie County,* 4 N.Y. 442 (1851). In that case, the question presented was whether the Mutual Insurance Company of Buffalo was a corporation liable to taxation under the laws of New York. Although the court did not construe the statute of limitations regarding moneyed corporations, in finding that the company was liable to taxation, the court defined the term "moneyed corporation" as "every corporation having banking powers, or having the power to make loans upon pledges or deposits, or authorized by law to make insurance." *Id.* at 444 (citing 1 N.Y. REV. STAT. 598, § 51).

In 1904, the United States Supreme Court construed the term "moneyed corporation" in the context of section 394 of the Code of Civil Procedure of New York, the successor of section 109 of the Code of Procedure of New

**156**

York, in *Platt v. Wilmot,* 193 U.S. 602, 24 S.Ct. 542, 48 L.Ed. 809 (1904). Like the New York court in *Mutual Ins. Co. of Buffalo,* it recited the definition in 1 Revised Statutes of New York 598, section 51. *Id.* at 611, 24 S.Ct. 542. The Court explained,

> Although this definition refers to the meaning of the term "moneyed corporation" as used in that title of the Revised Statutes, we think it is plain that the same term used in § 394 of the Code means the same thing as defined in § 51. The legislature used a term which was well known in the legislation of New York and for a long period of years a definite meaning had been given to it in that legislation, and when speaking of limitations of actions in regard to moneyed corporations nothing would be more natural than to assume that the term when thus used should have the same meaning applied to it as had been defined by the legislature when enacting legislation in regard to moneyed corporations.

*Id.*

Prior to the borrowing and enactment in Missouri of the six year statute of limitations for actions against moneyed corporations, both the New York legislature and the courts had defined the term "moneyed corporation." Subsequently, the United States Supreme Court construed the term within the meaning of the New York statute of limitations and adopted the New York definition. Having borrowed section 109 of the Code of Procedure of New York, the Missouri General Assembly is presumed to have borrowed the definition of "moneyed corporation." Thus, in Missouri, a moneyed corporation is a corporation having banking powers, or having the power to make loans upon pledges or deposits, or authorized by law to make insurance. Had the General Assembly intended to make the term applicable to every for-profit corporation as suggested by the State, it would have so stated. As construction contractors, Respondents are not moneyed corporations, and the State's suit against the companies was not subject to the time limitations of section 516.420. The trial court correctly applied the two year statute of limitations of section 516.390 for penalty actions by or in behalf of the state and dismissed the action.

The judgment of the trial court is affirmed.

All concur.